OF

# THE SUPREME COURT

OF THE

## STATE OF ILLINOIS,

### DECEMBER TERM, 1856, AT SPRINGFIELD.

---

JOHN SINKLEAR, Appellant, *v.* HENRY EMERT, Appellee.

#### APPEAL FROM PIKE.

Where a special agreement has been made by a parent to pay the board of a child, the creditor cannot collect the board from the infant's estate, if the parent neglects to pay.

THIS case originated in the county court of Pike county, and began by citation on appellant, guardian of Walter Sinklear. The plaintiff claimed allowance for $112, thus:

WALTER SINKLEAR *Dr.* to HENRY EMERT.

March 7th, A. D. 1853.  Vermifuge, 25c.; Bateman's drops, 10c., etc. etc.; and two years' board, at $1.00 per week; in all $112.00.

Trial and suit dismissed at plaintiff's cost, and appeal taken to the Pike Circuit Court, by plaintiff.  The defendant there moved a dismissal of the appeal, for the want of a sufficient appeal bond.  Motion overruled.  The cause was then submitted to the court, without the intervention of a jury, on the evidence, in substance: That defendant was guardian of Walter Sinklear, an infant, whose mother was dead, and whose father was living; that the ward had an estate; that he had remained with the plaintiff two years before the suit was brought; that it was worth one dollar per week to keep the child; proof of the other items of account; that, at a time when the father of the child was about to go to California, expecting to return, he contracted with the plaintiff to pay him $50 a year, for

board of the child, for two years, and pay extra for clothing, doctor's bill and medicine. That after the contract was made, the father stated, that if he never came back from California, the child had property of its own to pay. The father, in conversation with a witness, said he would send $50 on his arrival in California. He was to be absent two years; he had been absent about two years and six months; he had written home, but sent no money; he had no property.

The court, on the evidence, found that there was due to the plaintiff by defendant, to be paid out of the assets in defendant's hands, as guardian of Walter Sinklear, the sum of one hundred and twelve dollars. Whereupon defendant moved for a new trial, which motion was overruled. It was then considered and adjudged that the plaintiff recover of the defendant, as guardian of said infant, the above amount and costs; and the county court directed to allow the same to be paid by said guardian in due course of his guardianship. Appeal from the judgment prayed for and allowed.

McClernand and Herndon, for Appellant.

C. L. Higbee, for Appellee.

Caton, J. Here was a special agreement, made by the father of the infant, to pay for his board. In pursuance of that agreement, the plaintiff below boarded and took care of the infant two years; and now, on the failure of the father to pay for it, he sues the child, for the purpose of recovering out of the infant's estate. There can be no pretense for charging the infant, or his estate, with the amount. The credit was given to the father, and not to the infant. It is not like the case of necessaries, furnished an infant on his credit. Even waiving the question of infancy, and the father alone would be liable, on this special contract, for boarding and taking care of the defendant below.

The judgment must be reversed and remanded.

*Judgment reversed.*