EMERY-BIRD-THAYER DRY GOODS COMPANY, Respondent, v. MAUD COOMER, Appellant.

### Kansas City Court of Appeals, February 4, 1901.

1. **Principal and Agent: PARENT AND CHILD: LIABILITY: MAJORITY.** One dealing as a known agent with a third party does not become personally liable, and so a child accustomed to make purchases at a store which were charged to the parent does not become liable for such articles as were for his own personal use, even though the purchase was made after his majority.

2. **Parent and Child: FAMILY: MAJORITY.** The mere fact that a daughter living with her parents becomes of age will not change her legal status with the family.

3. **Action: AGENT: FRAUDULENT CONVEYANCE.** In an action on an account against a daughter for goods sold and delivered through her to the mother, the fact that the mother may have fraudulently conveyed her property to the daughter can in no way make the latter liable on the account.

Appeal from Jackson Circuit Court.—*Hon. James Gibson, Judge.*

REVERSED.

*Beardsley, Gregory & Kirshner* for appellant.

(1) Maud Coomer was the authorized agent for her mother in making the purchases herein sued for. (2) Such

agency was disclosed to plaintiff at the time of the purchase of the goods and credit was solicited for the principal, not for the agent.   F. & C. Co. v. Crawford, 127 Mo. 356; Hartzell v. Crumb, 90 Mo. 629; Hodges v. Runyan, 30 Mo. 491; 1 Am. and Eng. Ency. of Law (1 Ed.), p. 401; Ferris v. Kilmer, 48 N. Y. 305; Meeker v. Claghorn, 44 N. Y. 349; Foster v. Persch, 68 N. Y. 400; Lumber Co. v. McMillen, 77 Ill. App. 280; Sharp v. Swayne, 40 Atl. Rep. 113; Johnson v. Welch, 24 S. E. Rep. 585; Milling Co. v. Walsh, 108 Mo. 277.   (3) Even where a party may elect to whom he shall extend credit, the election once made is final; and the plaintiff had extended this credit to the mother.   Evans v. Bond, 15 Mo. App. 582; Sessions v. Block, 40 Mo. App. 570.   (4)   The agent has a perfect right, so long as he acts in good faith, to the protection of the law against personal liability accorded agents who disclose their principal and act within their authority.   1 Am. and Eng. Ency. of Law (1 Ed.), p. 401, and many cases cited; Hills v. Snell, 104 Mass. 173; Jones v. Moore, 50 Vt. 53. (5)   "The party receiving the benefit is not liable unless the circumstances fairly indicate his intention to pay, or equitably estop him from denying liability."   Mann v. Farnum, 17 Col. 427; Nagle v. McMurray, 84 Galif. 539; Lumber Co. v. Gray, 73 Mich. 356; Allen v. Bowman, 7 Mo. App. 29; Whaley v. Peak, 49 Mo. 80.

*John L. Peak,* and *James A. Gordon* for respondent.

(1)   The defendant is liable for the value of the goods bought, because she, and she alone received the use and benefit of the same.   Coverly v. Braynard, 28 Vt. 738; 1 Am. and Eng. Ency. of Law (2 Ed.), p. 1140. (2)   The whole contention of defendant is that she was acting as agent for her mother, and should not be held liable.   Even if this were so, the liabil-

ity of the defendant would remain unchanged. The defendant, the alleged agent, was the real party for whose use and benefit the goods were bought and thus becomes the principal in fact. Bishop on Contracts, sec. 1120. To hold that defendant is not liable would enable her to commit a fraud on the plaintiff and leave it remediless. The plaintiff had a right to presume that the title to the property would remain in the mother, and that the account would be paid as had been done previously. The account remaining unpaid, the defendant is certainly liable for the goods she used. Coverly v. Braynard, 28 Vt. 738; 1 Am. and Eng. Ency. of Law (2 Ed.), p. 1140; Bishop on Cont., sec. 1120; 1 Am. and Eng. Ency. of Law, 417; Meeker v. Claghorn, 44 N. Y. 349; Foster v. Persch, 68 N. Y. 400; 1 Am. and Eng. Ency. of Law, 411; Keller v. Singleton, 69 Ga. 703.

ELLISON, J.—This is an action on an account for a bill of merchandise. The judgment in the trial court was for plaintiff. The case was submitted to that court on an agreed statement of facts which demonstrate the judgment was for the wrong party.

The statement of facts is lengthy and covers some ground which is foreign to the legal merits of the controversy.

It appears that defendant lives with her mother and that the mother had a running account with plaintiffs who are engaged in a general retail dry goods business. That she had dealt with plaintiffs for several years. That during all those years a portion of the purchases were made by defendant, the daughter, with the mother's consent and were charged to the mother by her authority and consent and no account was kept by plaintiffs other than against the mother who made payments at different times. Finally, plaintiff ceased to extend credit and selected out of the account then left standing on their

books unpaid, the items which had been personally purchased by this defendant, and which were for her personal use, and presented them to her for payment. It was also agreed that defendant was past the age of majority for females when the items in suit were purchased.

It is quite evident that the purchases made by defendant were made by her as a member of her mother's family. She was her mother's agent. All three of the parties recognized that fact. The mother recognized it by authorizing the purchases to be made and charged to her. The defendant recognized it by making the purchases and directing them to be charged to her mother and the plaintiffs recognized it by keeping the account against the mother only and receiving payment from her from time to time. When one deals with another as agent for a third party and is known to be such, he does not become personally liable. Huston v. Tyler, 140 Mo. 252; Furniture & Carpet Co. v. Crawford, 127 Mo. 356; Thompson Payne & Co. v. Irwin & Co., 76 Mo. App. 418; Worthington v. Cowles, 112 Mass. 30. "Where the principal is disclosed and the agent is known to be acting as such, the latter can not be made personally liable unless he agreed to be so." Whitney v. Wyman, 101 U. S., 392.

The facts agreed upon conclusively show that plaintiffs extended credit to the defendant's mother. In such case they can not hold the daughter because of the circumstances that the mother turns out to be insolvent. Sinklear v. Emert, 18 Ill. 63. Where goods are sold by a merchant to the wife on *her* credit, the merchant can not maintain an action against the husband therefor. Morris v. Root, 65 Georgia, 686. If credit be given by a tradesman to the wife alone, there is no liability on the husband. Shelton v. Pendleton, 18 Conn. 422; 2 Kents Com. 146; Meiners v. Munson, 53 Ind. 138.

The fact that defendant had become of age when the par-

ticular purchases were made which form the account in suit does not, on the facts agreed, affect the case in the least. She continued to be the agent of the mother making purchases, as children usually do in families having accounts with merchants. It would be an unheard of proposition that for family purchases made by children on account of, and with the consent of the parents, the children could be made liable. The fact that the merchandise was for the use of the particular child making the purchase will not alter the matter. The mere fact that a daughter living with her parents becomes of age will not change her legal status with the family from what it was before her majority. Young v. Herman, 97 N. C. 280; Bynes v. Clark, 57 Wis. 13; Beardsley v. Hotchkiss, 96 N. Y. 201; Allen v. Allen, 60 Mich. 635.

It is part of the agreed statement of facts that defendant's mother was insolvent when the purchases were made and that plaintiffs were not aware of it. And " that on the third day of May, 1897, and prior to the time the said goods were bought, Louise Coomer, conveyed to defendant, Maud Coomer, all of the real estate then in the name of Louise Coomer, and that the fact of said conveyance was not known by the plaintiff at the time they gave credit to the said Louise Coomer as hereinbefore mentioned."

It is impossible to understand what such fact can have to do with the determination of this case which is simply an ordinary action on an account, with no suggestion of fraud, or other thing, to make the facts just referred to of any force or effect. The most that can be said of such statement is that it may be surmised that if plaintiffs had known that the mother had owned real estate which she had conveyed to her daughter they would not have credited the mother. The judgment for plaintiff will be reversed and judgment entered for defendant. All concur.