(No. 37089.— )

MATERIAL SERVICE CORPORATION *et al.,* Appellants, *vs.* THEODORE J. ISSACS, Director of Revenue *et al.,* Appellees.

*Opinion filed June 6, 1962.*

138

TURNER, HUNT & WOOLLEY, of Chicago, (FREDERICK W. TURNER, JR., MANLY K. HUNT and MURRAY B. WOOLLEY, of counsel,) for certain appellants, and SCHRADZKE, GOULD & RATNER, of Chicago, (BENJAMIN Z. GOULD and GERALD RATNER, of counsel,) for other appellants.

WILLIAM G. CLARK, Attorney General, of Springfield, (WILLIAM C. WINES, RAYMOND S. SARNOW, A. ZOLA GROVES, and THOMAS G. LYONS, Assistant Attorneys General, of counsel,) for appellees.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

In 1939 certain vendors of building material brought suit in the circuit court of Cook County to restrain State officials from enforcing the Retailers' Occupation Tax Act against them. The suit was consolidated with a similar one brought by building contractors to whom such materials were sold. A decree was entered adjudging that neither occupation was within the act, and collection of the tax was enjoined. On appeal by the defendant State officials the decree was affirmed in these respects in *Material Service Corp. v. McKibbin*, 380 Ill. 226.

After our decision in *Lyon & Sons Lumber and Mfg. Co. v. Department of Revenue*, 23 Ill.2d 180, holding materialmen taxable on sales to speculative builders, the Department of Revenue on October 17, 1961, moved to vacate the injunction in the present cases. The motion was granted, and this appeal followed. The question is whether, in the

light of subsequent changes in decisional law, sales of building material to contractors are now sales "at retail" within the meaning of the act. That a court has inherent power to modify or dissolve its injunction under such circumstances, even though there has been no change in the facts, was recognized in a former appeal in these same cases (*Material Service Corp.* v. *Hollingsworth,* 415 Ill. 284, 287-288), and need not be further discussed here.

The tax in question is imposed upon "persons engaged in the business of selling tangible personal property at retail." (Ill. Rev. Stat. 1961, chap. 120, par. 441.) The statute provides its own definition of "sale at retail." It says, insofar as is relevant here, that such a sale is any transfer to a purchaser "for use or consumption and not for resale in any form as tangible personal property." (Ill. Rev. Stat. 1961, chap. 120, par. 440.) To sustain the tax it must be shown (1) that the property was bought for use or consumption and (2) that it was not bought for resale in any form as tangible personal property.

In the first *Material Service* case (*Material Service Corp.* v. *McKibbin,* 380 Ill. 226) this court applied a strict and narrow construction of the phrase "use or consumption" and held that sales to contractors were not subject to the tax because the contractors were not the ultimate users or consumers of the material. In 1952 the strict and narrow test was abandoned and the rule was announced that the use or consumption contemplated by the statute includes any employment of a thing which takes it off the retail market so that it is no longer an object of the tax. (*Modern Dairy Co.* v. *Department of Revenue,* 413 Ill. 55.) When the taxability of sales by materialmen to speculative builders came before the court in *Lyon & Sons Co.* v. *Department of Revenue,* 23 Ill.2d 180, this test was applied and it was held, accordingly, that in the sense contemplated by the statute the building material "is used or consumed in the process of construction or fabrication."

In the present cases there is precisely the same employment of building material by the purchaser. The acts of the contractor with respect to the materials he buys differ in no respect whatever from those of the speculative builder. In either case the material is bought and used for the purpose of constructing buildings or otherwise improving real estate, and in either case the material, in the process of such use, loses its identity as personal property. Insofar at least as the requirement of use or consumption is concerned the *Lyon* case is controlling here.

It is argued, however, that the material is sold to the contractors for resale as tangible personal property, and that the second condition for taxability is therefore not satisfied. A distinction is sought to be made in this respect between sales to speculative builders (whose subsequent transfer is of real estate) and sales to contractors, who do not own the real estate on which they are working. The argument is that somewhere between his purchase of materials and their incorporation into the structure or other improvement the contractor must necessarily transfer title to the landowner, and that this is a "resale" of tangible personal property within the meaning of the act. Reliance is placed on language to this effect in *Material Service Corp.* v. *Hollingsworth,* 415 Ill. 284, where we said that the sale to the contractors "is followed by a subsequent transfer from the contractors for a consideration."

The fact that the contractors in this case build for others whereas in the *Lyon* case they built for themselves may have significance insofar as sales of real estate are concerned. But it has nothing whatever to do with sales of tangible personal property. Their customers are not interested in and do not bargain for so many feet of lumber, kegs of nails, thousands of brick, cubic yards of concrete and so on. It is unrealistic to say that the contractor purchases these things for resale as tangible personal property to his customers. We conclude that a construction which recognizes this fact is justified

by the language of the statute and is consistent with the design of the act as a whole. The sales to the contractor are not for resale as tangible personal property but for his own use or consumption, and the amount thereof is includable in measuring the tax on the materialman's occupation.

We recognize that this conclusion is not in harmony with our decision on the merits of this same injunction in *Material Service Corp.* v. *Hollingsworth,* 415 Ill. 284. But that decision was overruled in the *Lyon & Sons* case.

The circuit court properly vacated the injunction. The order is accordingly affirmed.

*Order affirmed.*