In the Matter of the Estate of Robert B. Johnstone, Jr., a Minor.

Eloise Johnstone, Petitioner-Appellant, v. Elizabeth W. Johnstone, Guardian of the Estate of Robert B. Johnstone, Jr., a Minor, and Robert B. Johnstone, Jr., Respondents-Appellees.

Gen. No. 50,147.

First District, First Division.

November 15, 1965.

Rehearing denied December 2, 1965.

Ira D. Schultz, of Chicago, for appellant.

Lord, Bissell & Brook, of Chicago (L. Duncan Lloyd and Kennen E. Wiese, of counsel), for appellees.

MR. PRESIDING JUSTICE BURMAN delivered the opinion of the court.

This suit arises out of a claim filed by petitioner, Eloise Johnstone, against the minor's estate of her stepson, Robert B. Johnstone, Jr., for amounts expended by her and obligations incurred by her in financing his college education. She based her claim upon the contention that in modern society and under the circumstances of this case a college education falls within the legal definition of a "necessary"; and that since she furnished the only funds available for her stepson's college education he is liable to her under established principles of law. The court specifically found that petitioner's expenditures were not for "necessities," and dismissed her claim. Petitioner has appealed from this ruling.

Upon the minor's graduation from high school, he indicated his desire to continue his education at Dartmouth College in Hanover, New Hampshire. His father, Robert B. Johnstone, Sr., who was living at the time, approved of his son's plans, and in order to meet the costs of this education applied to the LaSalle National Bank for a loan under the Bank's Assured College Education Plan. As an integral part of this plan, the bank requires the applicant sponsor to purchase an insurance policy on his own life, naming the bank as beneficiary. It appears from

448

the record in this case that the poor health of the minor's father made him unable to qualify for such a policy, thereby preventing him from signing the loan as applicant sponsor. The application was signed by petitioner, the minor's stepmother as applicant sponsor and the minor's father signed as "Spouse of Applicant Sponsor."

Semi-annual payments of $750 by the bank direct to Dartmouth College began in September of 1961, and continued through the sixth payment in December of 1963, at which time the minor's father died and payments by the bank ceased. Prior to his death, Robert B. Johnstone, Sr., had made regular repayments to the bank in the amount specified in the terms of the loan. At his death, the balance due the bank was $2,101.50, for which the bank has held petitioner responsible and which she has reduced by further payments. She seeks recovery from the minor's estate for this amount.

Two life insurance policies were left by the minor's deceased father. The first was a policy in the amount of $5,000, which named the petitioner as beneficiary. The other policy was in the amount of $10,000, and named petitioner and the minor as beneficiaries, each in the amount of $5,000. Petitioner seeks to recover against the minor's share of the proceeds of this policy. The record reveals that the father's estate is insolvent, and petitioner claims that all the monies she received from the policies will be used to pay claims against the estate.

■ It is well-established, as a general rule, that a minor or his estate may be liable for necessaries furnished him. Pelham v. Howard Motors, Inc., 20 Ill App2d 528, 156 NE2d 597. As to the definition of a "necessary," our Supreme Court stated in McKanna v. Merry, 61 Ill 177:

> There is no positive rule by means of which it may be determined what are, and what are not, necessaries. Whether articles are of a class or kind for

which infants are liable, or whether certain subjects of expenditure are necessaries, are to be judged of by the court. Whether they come within the particular class, and are suitable to the condition and estate of the infant, is to be determined by the jury as a matter of fact. . . . Blackstone defines necessaries to be "necessary meat, drink, apparel, physic," and says that an infant may bind himself to pay "for his good teaching and instruction, whereby he may profit himself afterwards." The articles furnished, or money advanced, must be actually necessary, in the particular case, for use, not mere ornament, for substantial good, not mere pleasure; and must belong to the class which the law generally pronounces necessary for infants. (61 Ill 177, at 178–9.)

◼◼ In Crandall v. Coyne Elec. School, Inc., 256 Ill App 322, the court cited the McKanna case, and went on to say:

It is recognized that a proper education is a necessary. But what is a proper education depends on circumstances. . . . A common school education is said to be a necessary in this country. (Citing cases.) In the latter case, it is said that circumstances, however, may exist where a more liberal education might properly be found a necessary as a matter of fact. (256 Ill App 322, at 324.)

Thus, the trial judge in this case was charged with the responsibility of determining whether, on the basis of the evidence, a college education for this minor could be classified as a "necessary." But, as pointed out by Professor Williston, "What are necessaries is determined not simply by the nature of the thing, but by the need of that thing at that time by the infant in question." (Vol 2, Williston on Contracts, 3d Edition, 1959, § 244, at p 61.) The evidence in this case showed the minor was at the top of his class in high school and that there was

450

available to the minor a full tuition scholarship to the University of Chicago. The Court could have found from the evidence that the minor might have received from Dartmouth College either a scholarship or a loan on more favorable terms than the one received from La Salle National Bank. In light of these facts and the tests for "necessaries" set forth above, we cannot conclude that the Chancellor's findings were manifestly against the weight of the evidence, and therefore we cannot disturb his judgment. Grove v. Chicago Title & Trust Co., 25 Ill App2d 402, 166 NE2d 630.

██ ██ Petitioner's claim is subject to a further objection. It has been the established rule in Illinois since Sinklear v. Emert, 18 Ill 63, that a minor is liable for necessaries furnished him only if they are furnished on his credit, and not on the credit of another. Professor Williston states it thus:

> It is essential to recovery that necessaries shall have been furnished on the credit of the infant. If furnished on the credit of his parent or guardian, he is not liable; . . . (Vol 2, Williston on Contracts, 3d Edition, 1959, § 240, at p 51).

In this case, the record is clear that at the time the Johnstones entered into the loan agreement, the minor was not asked by either of them to repay the loan at any future time. Petitioner did not testify that she signed the note at the request of the minor, nor that she did so in reliance upon his credit. Indeed it appears that she obligated herself for the indebtedness at the request of her husband. The minor testified that while he knew a loan had been made he did not know, until after his father's death, that his stepmother was obligated on that loan. He further testified that his father told him that the loan was merely for the sake of convenience in view of the fact that his income fluctuated widely. Finally, the minor's father had paid regularly his

tuition at a private high school, never indicating that the costs were beyond his ability to pay. In view of these facts, we conclude that petitioner has failed to prove that the funds for the minor's college education were furnished on his credit. For this reason, her appeal must fail, even assuming arguendo not only that the Dartmouth College education was a "necessary" in this case, but also assuming arguendo that petitioner is correct in her contention that a stepmother can recover for necessaries furnished despite the fact that a natural or adopting parent cannot.

For all of these reasons, the judgment of the Probate Division of the Circuit Court of Cook County must be affirmed.

Judgment affirmed.

MURPHY and KLUCZYNSKI, JJ., concur.