R. S. BOSTON Co., Plaintiff-Appellee, *v.* RITA L. CHAPMAN, Defendant-Appellant.

(No. 54189; )

First District—December 30, 1970.

Ron Fritsch, of Chicago, for appellant.

Lawrence Friedman, of Chicago, (Melvin S. Deck, of counsel,) for appellee.

Mr. PRESIDING JUSTICE RYAN delivered the opinion of the court.

This is an appeal from a decision of the Circuit Court of Cook County confirming a judgment by confession in the amount of $946.05 on a retail installment sales contract entered against the defendant Rita L. Chapman. The judgment had previously been confessed against three persons, namely: Rita L. Chapman, Michael Hagler and (J)immie Lee Maxie.

The transaction which is the subject matter of this suit took place when a person by the name of Simmie Lee Maxie and Rita L. Chapman were at the R. S. Boston Company store on July 6, 1968, concerning the purchase of some household furnishings. The retail installment contract was made out in the name of Simmie L. Maxie but was signed at the bottom by both Maxie and Miss Chapman on lines designated "buyer". The defendant Hagler added his name at the bottom at a later date. It seems

that Maxie and Miss Chapman were living together at the same address listed on the contract and where, in fact, the items purchased were delivered.

The contract itself was for the purchase of a rug, sofa, chair and lamp from the plaintiff R. S. Boston Company. It also included in the contract balance a previous indebtedness of the defendant Simmie Lee Maxie in the amount of $169.50; the combined contract figure totalling $840.00.

In the proceedings to confirm the judgment by confession against the defendants Hagler and Chapman, the trial court refused to confirm against Hagler since the plaintiff stipulated that Hagler was a co-signer only and, as such, had not executed the co-signer statement required by Section 19 of the Retail Installment Sales Act, (Ill. Rev. Stat., ch. 121½, par. 519) which provides:

"No provision in a retail installment contract obligating a person other than the retail buyer or spouse of the buyer to assume liability for payment of the deferred payment price of a co-signer for the buyer is valid unless the co-signer, in addition to signing the retail installment contract, signs a separate instrument in the following form * * *."

The defendant Chapman raised the same point as Hagler but was overruled by the trial court.

Section 503(a) of the same act provides that:

"Every retail installment contract must be in writing, dated, signed by both the buyer and the seller, and, except as otherwise provided in this Act, completed as to all essential provisions, before it is signed by the buyer * * *."

Section 504 provides that:

"Every retail installment contract must contain the names of the seller and of the buyer * * *."

A careful examination of the contract reveals that only Simmie L. Maxie is listed at the top as a buyer. His address is also listed at the top as 4024 West End. In the middle of the contract, instructions that the goods are to be delivered "c/o Rita Chapman" at the same address are noted. At the bottom of the contract the signature of Michael Hagler appears above the printed words "RETAIL INSTALLMENT CONTRACT" and the signatures of Simmie Lee Maxie and Rita L. Chapman appear in that order on the printed lines designated "Buyer".

From a review of the evidence presented including the contract itself and all of the pleadings, we are unable to determine whether the defendant Chapman was a buyer or a co-signer. Although her name appears at the bottom along with Maxie who was an admitted buyer and along with Hagler was an admitted co-signer, her own connection with the instrument remains ambiguous,

We rule, however, that a reading of Sections 503 and 504 require that the name of a buyer must be incorporated in the body of the contract and that the contract must be so completed before it is signed by the buyer. This not having been done in this case, the defendant Chapman could not be held liable as a buyer. We do not believe that the mere signing of a retail installment contract at the bottom satisfies the requirement that the contract contain the names of the seller and the buyer. If she was a buyer, the failure to list her in the body of the contract as such is a failure to complete the contract in an essential provision. If she was a buyer, the contract wasn't completed when she signed it.

If, on the other hand, Miss Chapman was not a buyer but was a co-signer as was Hagler, then she is excused from liability for the same reason that Hagler was excused by the trial court. That is to say, the merchant did not have her execute the separate co-signer statement required by Section 519 of the Retail Installment Sales Act previously quoted above.

Though plaintiff may regard this ruling as harsh, the court has no option but to follow the plain language and direction of the statute. The act, which is clearly designed for the protection of retail buyers, could easily have been complied with by designating Miss Chapman as a buyer in the body of the contract, if such was the case, before she signed it. Or, if Miss Chapman was intended to be a co-signer, she could easily have been so identified and the requisite separate co-signer instrument obtained. Since the plaintiff did neither and failed thereby to comply with the act, this Court has no option other than to reverse the judgment insofar as the defendant Chapman is concerned. Reversal as to the defendant Rita L. Chapman is accordingly ordered.

This conclusion renders it unnecessary for us to consider the other aspects of the contract which the defendant Chapman has raised.

Judgment reversed in part.

STOUDER and ALLOY, JJ., concur.