LOGAN FURNITURE MART, INC., Plaintiff-Appellee, *v.* CORRIS DAVIS *et al.*, Defendants-Appellants—(DAVID ELLIS, Defendant.)

(No. 55779;

First District—October 17, 1972.

Mark S. Litwin, of Northwest Neighborhood Legal Services, of Chicago, for appellants.

Mr. JUSTICE LEIGHTON delivered the opinion of the court:

■■ This appeal is to review an order that confirmed a judgment by confession against appellants Corris Davis and Billie Davis. Appellee Logan Furniture Mart, Inc. has neither appeared in this court nor filed a brief. Although this fact would justify summary reversal of the trial court judgment, the ends of justice are better served if this litigation is determined by the rights of the parties rather than by procedural default. (*Lynch v. Wolverine Insurance Co.*, 126 Ill.App.2d 192, 193, 261 N.E.2d 466.) As a general rule, a trial court's judgment should not be reversed except after consideration of the issues. (*Daley v. Jack's Tivoli Liquor Lounge, Inc.*, 118 Ill.App.2d 264, 254 N.E.2d 814.) Therefore, despite being handicapped by the absence of a brief for appellee, we will determine the merit of this appeal.

On July 2, 1968, Corris Davis, 18 years old and Billie Davis, 17 years old, the mother of two children and pregnant with her third child, went to appellee's place of business to purchase furniture. Both were single but were planning to be married. They were told they had to have a "co-signer" on the purchase contract. For this purpose they brought in David Ellis, an adult "in his late fifties." Then, by a retail installment contract, they purchased items of household furniture, including a portable "black and white" television set. The "time sales price" was $2105.20 payable $82.05 each month. Payments were made until October, 1969, when there was default on a balance of $820.50. On March 30, 1970, appellee filed a complaint to confess judgment for the balance plus attorney's fees. Summons issued to confirm the judgment. After a hearing, judgment in the sum of $902.55 was confirmed against the appellants and David Ellis.

In urging reversal, appellants contend that (1), appellee failed to sustain its burden of proving that the items of household furniture it sold were necessaries; (2), the trial court's finding that the furniture items were necessaries is not sustained by the evidence because appellants were minors living with their parents and guardians who provided them with the necessaries of life; (3), the trial court's enforcement of the retail installment contract against them, minors at the time of the pur-

chase, was contrary to the law and the evidence because at most, if the items of furniture were "necessaries," appellants could only be liable for their reasonable value; and (4), appellants are not liable for the articles of furniture which appellee sold, even if they were necessaries, because they were not named as the buyers in the body of the retail installment contract and the sale was not made solely on their credit. We will dispose of this appeal by deciding only the latter issue.

Under the terms of the retail installment contract dated July 2, 1968, introduced in evidence by appellee, David Ellis bought the furniture in question. Appellants' names do not appear in the body of the contract. The shipping invoice dated July 3, 1968, shows that the items of furniture were sold to David Ellis for shipment to Corris Davis at 5915 South Elizabeth, Chicago. More importantly, when the sale was consummated, appellee obtained a credit life insurance policy that insured the life and health of David Ellis. In the policy David Ellis was described as the debtor. Under its terms, the policy provided that in the event Ellis died or became disabled before the furniture was paid for, the benefits of the insurance inured to appellee.

■■ It is the law in this State that "[e]very retail installment contract must contain the names of the seller and of the buyer * * *." (Ill. Rev. Stat. 1969, ch. 121½, par. 504.) The name of a buyer must be incorporated in the body of a retail installment contract before it is signed. If this is not done, the person who signs it cannot be held liable as a buyer. (*R. S. Boston Co. v. Chapman*, 131 Ill.App.2d 385, 266 N.E.2d 767.) In this case, although appellants signed the contract on a line at the bottom of the document designated "Buyer," they were not named in the body of it. Therefore, they cannot be held liable as buyers. *R. S. Boston Co. v. Chapman, supra.*

Even if the substantive requirements of the contract were overlooked, it appears from the legal relation that appellee established in connection with the sale of its furniture on July 2, 1968, that it relied on David Ellis' credit, not on appellants'. On all the relevant documents memorializing the sale, David Ellis was treated as the buyer. He was described as the debtor whose life and continued health were insured by a policy issued for appellee's benefit. In the shipping invoice, David Ellis was named buyer of the furniture delivered to Corris Davis. Therefore, the sale was not solely on the credit of appellants, the minors.

■■ It has long been law in this State that even if what is sold to him are necessaries, a minor is liable only if the sale is on his credit and not on the credit of another. (*Sinklear v. Emert*, 18 Ill. 63; *In re Johnstone's Estate*, 64 Ill.App.2d 447, 451, 212 N.E.2d 143.) To recover from a minor for the reasonable value of necessaries furnished him, it is essential that

they shall have been furnished on his credit. (Williston on Contracts, Third Edition, Section 240 (1959).) In this record, it plainly appears that when appellee on July 2, 1968, extended credit for the sale of its furniture, it did not do it solely on the credit of appellants who were minors.

Therefore, the judgment by confession against them should not have been rendered and the order confirming the judgment should not have been entered. The judgment in favor of appellee is reversed and judgment in favor of appellants Corris Davis and Billie Davis is entered in this court.

Reversed with judgment in this court in favor of appellants Corris Davis and Billie Davis.

STAMOS, P. J., and SCHWARTZ, J., concur.