MAGNA BANK OF McLEAN COUNTY, Plaintiff-Appellant, v. GILBERT COMER, JR., Defendant-Appellee.

Fourth District   No. 4—92—0020

Opinion filed October 13, 1992, *nunc pro tunc* July 9, 1992.

George C. Wood, of Luedtke, Hartweg & Turner, of Bloomington, for appellant.

No brief filed for appellee.

JUSTICE McCULLOUGH delivered the opinion of the court:[1]

Plaintiff Magna Bank of McLean County appeals from an order of the circuit court of McLean County dismissing its cause of action against Gilbert Comer, Jr. Plaintiff sued to recover from defendant the balance due on a motor vehicle retail installment contract, plus interest, attorney fees, and costs. Determining defendant was a cosigner who was not a spouse or parent of the person who had possession of a 1984 Buick Le Sabre automobile, the trial court decided section 18 of the Motor Vehicle Retail Installment Sales Act (Act) (Ill. Rev. Stat. 1989, ch. 121½, par. 578) rendered defendant not liable since he did not also sign as a guarantor. The only issue presented on review is whether the trial court's application of the statute to this case was incorrect. We reverse and remand for further proceedings.

On appeal, the defendant has not filed an appellee's brief. However, this case is not being reversed for that reason. While this court will not act as an advocate for the appellee, the record is simple, and the claimed error is such that this court can decide the case on the merits without the aid of an appellee's brief. *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 133, 345 N.E.2d 493, 495.

Section 18 of the Act reads as follows:

"Each person, other than a seller or holder, who signs a retail installment contract may be held liable only to the extent that he actually receives the motor vehicle described or identified in the contract, except that a parent or spouse who cosigns such retail installment contract may be held liable to the full extent of the deferred payment price notwithstanding such parent or spouse has not actually received the motor vehicle described or identified

---

[1] The original opinion in this case was filed July 9, 1992, and may be found at 232 Ill. App. 3d 300. The opinion was subsequently withdrawn and a modified opinion was filed October 13, 1992, *nunc pro tunc* July 9, 1992, and is the opinion appearing here.

in the contract and except to the extent such person other than a seller or holder, signs in the capacity of a guarantor of collection.

The obligation of such guarantor is secondary, and not primary. The obligation arises only after the seller or holder has diligently taken all ordinary legal means to collect the debt from the primary obligor, but has not received full payment from such primary obligor or obligors.

No provisions in a retail installment contract obligating such guarantor is valid unless:

(1) there appears below the signature space provided for such guarantor the following:

'I hereby guarantee the collection of the above described amount upon failure of the seller named herein to collect said amount from the buyer named herein.'; and

(2) unless the guarantor, in addition to signing the retail installment contract, signs a separate instrument in the following form:

'EXPLANATION OF GUARANTOR'S OBLIGATION

You ... (name of guarantor) by signing the retail installment contract and this document are agreeing that you will pay ... (total deferred payment price) for the purchase of ... (description of goods or services) purchased by ... (name of buyer) from ... (name of seller).

Your obligation arises only after the seller or holder has attempted through the use of the court system to collect this amount from the buyer.

If the seller cannot collect this amount from the buyer, you will be obligated to pay even though you are not entitled to any of the goods or services furnished. The seller is entitled to sue you in court for the payment of the amount due.'

The instrument must be printed, typed, or otherwise reproduced in a size and style equal to at least 8 point bold type, may contain no other matter (except a union printing label) than above set forth and must bear the signature of the co-signer and no other person. The seller must give the co-signer a copy of the retail installment contract and a copy of the co-signer statement." (Ill. Rev. Stat. 1989, ch. 121½, par. 578.)

Section 2.2 of the Act defines a "buyer" in this way:

" 'Retail buyer' or 'buyer' means a person who buys a motor vehicle from a retail seller, primarily for personal, family, household or agricultural purposes in a retail installment transaction, but does not include a buyer for use in business (not including farming or a profession)." Ill. Rev. Stat. 1989, ch. 121½, par. 562.2.

In the trial court, the parties entered into the following stipulations:

"1. That the copy of the Retail Installment Contract, attached

to the Complaint and referenced as Exhibit A, is a true and accurate copy/reproduction of the original document under which a 1984 Buick LaSabre automobile was purchased from Sam Leman Dodge City.

2. That under the retail Installment Contract, Linda Jenkins is listed as a buyer of the 1984 Buick LaSabre automobile and signed as a buyer on October 29, 1989.

3. That under the Retail Installment Contract, Gilbert S. Comer, Jr., is listed as buyer of the 1984 Buick LaSabre automobile and signed as a buyer on October 29, 1989.

4. The title to the 1984 Buick LaSabre automobile, attached to the answer to Affirmative Defenses and referenced as Exhibit B, is a true and accurate copy/reproduction of the original.

5. On the title to the 1984 Buick LaSabre automobile, Linda Jenkins and Gilbert Comer, Jr., are listed as owners.

6. That the rights of Sam Leman Dodge City, under the Retail Installment Contract, were effectively assigned to Magna Bank of McLean County on November 2, 1989, under the 'assignment' clause/section of the Retail Installment Contract.

7. As of August 28, 1991, there is an outstanding balance due under the Retail Installment Contract of $4,027.87.

8. That Gilbert S. Comer, Jr., did not sign the Retail Installment Contract as a Guarantor. That Gilbert S. Comer, Jr., did not sign a separate instrument detailing the explanation of the guarantor's obligations.

9. That Gilbert S. Comer, Jr., is not a parent or spouse of Linda Jenkins.

10. That the Defendant does not dispute the existence of the debt, nor the balance thereof, as it would be against Linda Jenkins under the Retail Installment Contract.

11. The Defendant's sole defense is that he did not receive the 1984 Buick LaSabre automobile, and therefore, would not be liable for any balance due on said vehicle under *Illinois Revised Statutes*, Ch. 121½, § 578.

12. The defendant did not during the term of the contract have physical possession of the car.

13. Plaintiff's attorney fees are $780.00 plus costs of $62.00."

In entering the order dismissing this cause, the trial court found as follows: (1) defendant never received possession of the vehicle; (2) defendant is not a parent or spouse of a person receiving possession of the vehicle; (3) there is no evidence the person receiving the vehicle was sued or that plaintiff was unable to collect from that person; and (4) section 18 of the Act therefore bars recovery.

■ The construction of a statute is a question of law, and on

review, the appellate court will construe the statute independently of the trial court's judgment. (*Village of South Elgin v. City of Elgin* (1990), 203 Ill. App. 3d 364, 367, 561 N.E.2d 295, 297.) In construing a statute, the court is to determine and give effect to the legislative intent underlying the statute, considering its nature and purpose and ascribing a reasonable meaning to each word, clause, or sentence, but where the statute is unambiguous and the legislative intent can be ascertained from the statutory language, resort to extrinsic construction aids is unnecessary. *Village of South Elgin*, 203 Ill. App. 3d at 368, 561 N.E.2d at 297.

■■ It is clear from a reading of section 18 of the Act that the legislature did not intend to limit the contractual obligation of a "buyer." Section 18 employs the term "co-signer," but the Act does not define that term separately. In the context of the statute, it is clear a guarantor is a cosigner since only a cosigner may sign the form entitled "Explanation of Guarantor's Obligation" and the seller must provide a copy of that document and a copy of the retail installment contract to the "co-signer." A cosigner is generally a person who signs the contract, but is not listed in the body of the contract as a buyer or principal obligor, where some other person has been so designated. (See *R.S. Boston Co. v. Chapman* (1970), 131 Ill. App. 2d 385, 386-87, 266 N.E.2d 767, 768-69.) The purpose of the statute is obviously to limit the liability of persons, not buyers, who sign a retail installment contract, but to whom the extent of their personal liability in so doing has not been fully disclosed prior to or at the time of signing the contract. This is a laudable purpose, but the Act does not alter the liability of a buyer. The stipulations do not suggest any fraud or misrepresentation on the part of the seller which induced defendant to sign as a buyer rather than in some other capacity.

■ The stipulation of the parties shows defendant to be owner of the vehicle. Title was issued by the Secretary of State to Linda Jenkins and defendant as owners. The protections afforded by section 18 of the Act do not apply in such circumstances. Defendant was a buyer, owner, and primary obligor, not a cosigner.

Since plaintiff has demonstrated *prima facie* reversible error (*Talandis*, 63 Ill. 2d at 133, 345 N.E.2d at 495), the order of the circuit court of McLean County dismissing the plaintiff's cause of action against defendant is reversed and the cause is remanded for further proceedings not inconsistent with this court's ruling.

Reversed and remanded.

KNECHT and LUND, JJ., concur.