CRAFTMASTERS, INC., Plaintiff-Appellee, v. THE DEPARTMENT OF REVENUE *et al.*, Defendants-Appellants.

Fourth District    No. 4—94—0010

Argued December 6, 1994.—Opinion filed March 10, 1995.

Roland W. Burris, Attorney General, of Chicago (Rosalyn B. Kaplan, Solicitor General, and Susan Frederick Rhodes, Assistant Attorney General (argued), of counsel), for appellants.

Steven C. Rahn (argued), of Heyl, Royster, Voelker & Allen, of Springfield, for appellee.

PRESIDING JUSTICE KNECHT delivered the opinion of the court:

In December 1993, the circuit court ruled in favor of plaintiff Craftmasters, Inc., in its challenge to the disallowance by the Department of Revenue (Department) of exemptions from retailer's occupa-

tion tax for (1) sales of building materials which plaintiff physically incorporated into real estate within an enterprise zone but purchased outside the jurisdiction which established the enterprise zone, and (2) specially manufactured items; and (3) awarded costs to plaintiff. The Department appeals. We affirm on (2) above and reverse on (1) and (3).

Plaintiff, a building contractor in Decatur, Illinois, specializes in the sale and installation of roofing and sheet metal at commercial establishments throughout central Illinois. Plaintiff purchases building materials which are used in construction and in making special order items for customers. Plaintiff obtains materials from suppliers located both in and outside Decatur.

In some cases plaintiff designs and fabricates equipment for retail sale, as when a customer engages plaintiff to design and fabricate a product to meet a special need. The Department has conceded these transactions are exempt from the retailer's occupation tax as "specialty manufacturing" where special skill on the part of plaintiff is required in the process of fabrication. 86 Ill. Adm. Code § 130.2115(b) (1992-93).

Plaintiff also incorporates building materials into the real estate of customers through remodeling, rehabilitation and construction. These transactions are the basis of this dispute. Plaintiff's customers who were located within the Decatur enterprise zone submitted enterprise zone certification to plaintiff for invoicing purposes on purchases of building materials which were physically incorporated by plaintiff into real estate located in the enterprise zone.

The Department performed an audit of plaintiff's sales tax account for the period of July 1, 1987, through June 30, 1990. After the audit, the Department issued plaintiff a notice of tax liability for sales and use tax, penalties, and interest in the amount of $56,679. Plaintiff paid the notice under protest.

The Department disallowed exemptions claimed by plaintiff (1) on sales of building materials which plaintiff incorporated into real estate within the Decatur enterprise zone in those cases where plaintiff had purchased such materials from suppliers *outside* Decatur; and (2) from sales tax claimed by plaintiff on fabricated specialty items which were sold at retail.

In January 1992, plaintiff filed a complaint in the circuit court seeking a refund and a declaration the taxes were wrongfully assessed. The Department's answer asserted the disputed sales of building materials incorporated into real estate by plaintiff were not retail sales since they did not involve the transfer of tangible personal property. The Department argued the transfer which was determina-

tive of whether the sales of such materials were exempt from the retailer's occupation tax under the enterprise zone exemption was plaintiff's purchase of the materials from its suppliers. The Department allowed the exemption where plaintiff's supplier was located in Decatur, but denied it where the supplier was located outside Decatur.

At a bench trial in October 1993, the parties agreed the material facts were not in dispute, and the Department's tax calculations were correct if its interpretation of the applicability of the exemption was correct.

At trial plaintiff called the Department auditor as an adverse witness. He testified the disputed transactions would have been exempt from retailer's occupation tax if plaintiff had issued separate invoices for labor and materials for the installation work performed for customers within the enterprise zone. The Department disavowed this testimony. The Department argued plaintiff was not a retailer selling building materials to its customers, but was a construction contractor in those situations where it incorporated building materials into the real estate of its customers, because plaintiff in those circumstances was converting tangible personal property into real estate and was therefore taking the materials off the market in the form of personal property.

The circuit court entered judgment in favor of plaintiff in the amount of $57,389.42, including interest and penalties. Costs were also awarded to plaintiff. This appeal followed.

●1 When the facts are undisputed, exemption from taxation is a question of law. *City of Chicago v. Illinois Department of Revenue* (1992), 147 Ill. 2d 484, 491, 590 N.E.2d 478, 481 (dealing with the exemption of property from property taxes); *Harrisburg-Raleigh Airport Authority v. Department of Revenue* (1989), 126 Ill. 2d 326, 331, 533 N.E.2d 1072, 1073 (dealing with the exemption of property from property taxes).

The Department maintains the transfers of the building materials from plaintiff to its customers were not retail sales, but instead were uses of the property by plaintiff. The Department contends the retail sale upon which the availability of an exemption is dependent took place when plaintiff bought the materials from its suppliers since this is when the property left the market as tangible personal property. Plaintiff argues the transactions were retail sales of building materials for physical incorporation into real property within an enterprise zone and are therefore exempt from retailer's occupation taxes pursuant to section 5k of the Retailers' Occupation Tax Act (Act) (Ill. Rev. Stat. 1987, ch. 120, par. 444k; Ill. Rev. Stat. 1989, ch.

120, par. 444k). Construction of a statute is a question of law and is reviewed independently of a circuit court's judgment. *Magna Bank v. Comer* (1992), 232 Ill. App. 3d 300, 304, 600 N.E.2d 855, 857.

■ The provisions in effect for the time period audited provided as follows with respect to the enterprise zone exemption for building materials:

> "Each retailer whose place of business is within a county or municipality which has established an Enterprise Zone pursuant to the 'Illinois Enterprise Zone Act' and who makes a sale of building materials to be incorporated into real estate in such enterprise zone by remodeling, rehabilitation or new construction, may deduct receipts from such sales when calculating the tax imposed [under the] Act ***." Ill. Rev. Stat. 1987, ch. 120, par. 444k.

See also Ill. Rev. Stat. 1989, ch. 120, par. 444k.

■ Plaintiff's eligibility for the exemption is dependent on whether the transfers of building materials to its customers, which are also installed by plaintiff and incorporated into real estate, constitute sales of such materials by a retailer. If the transfers are sales of the materials, it also must be established plaintiff is a retailer with respect to those sales in order to be entitled to the exemption. "Retailer" is not defined by the Act. When a statutory term is undefined, it must be given its ordinary and popularly understood meaning. (*Union Electric Co. v. Department of Revenue* (1990), 136 Ill. 2d 385, 397, 556 N.E.2d 236, 241.) The Department interprets the exemption available to a "retailer" to apply to any party making a retail sale of such materials. This would seem to be the ordinary meaning of the term and is not arbitrary or unreasonable. The Department's interpretation is therefore entitled to deference on review. (*Harrisburg-Raleigh Airport Authority*, 126 Ill. 2d at 331, 533 N.E.2d at 1073-74.) The Act defines "sale at retail" as:

> "[A]ny transfer of the ownership of or title to tangible personal property to a purchaser, for the purpose of use or consumption, and not for the purpose of resale in any form as tangible personal property to the extent not first subjected to a use for which it was purchased, for a valuable consideration." Ill. Rev. Stat. 1987, ch. 120, par. 440.

See also Ill. Rev. Stat. 1989, ch. 120, par. 440 (now 35 ILCS 120/1 (West 1992)).

■ Statutes granting exemptions are construed strictly in favor of taxation. (*City of Chicago*, 147 Ill. 2d at 491, 590 N.E.2d at 481; *Harrisburg-Raleigh Airport Authority*, 126 Ill. 2d at 331, 533 N.E.2d at 1074.) Any doubts concerning the applicability of an exemption will be resolved in favor of taxation. *Van's Material Co. v. Depart-*

940

*ment of Revenue* (1989), 131 Ill. 2d 196, 216, 545 N.E.2d 695, 705; *Medcat Leasing Co. v. Whitley* (1993), 253 Ill. App. 3d 801, 803, 625 N.E.2d 424, 426.

■ The auditor who conducted the audit testified if the sale of material and labor for installation of such material were invoiced separately the material sales would qualify as retail sales. Plaintiff argues this constitutes a judicial admission which is binding on the Department. The Department contends the auditor's opinion in response to a hypothetical question is not binding, and the Department disavowed his testimony in its brief to the circuit court.

The testimony at issue, whether the enterprise zone exemption would apply differently if the construction contracts were broken down into separate contracts for labor and materials, is a question of the proper interpretation of the statute. Therefore, the auditor's opinion as to how the exemption would apply under a hypothetical set of facts is not binding upon a court. See *Town of the City of Bloomington v. Bloomington Township* (1992), 233 Ill. App. 3d 724, 735, 599 N.E.2d 62, 69; M. Graham, Cleary & Graham's Handbook of Illinois Evidence § 704.1, at 600 (6th ed. 1994).

●6 The Department's regulations treat sales of building materials to construction contractors as retail sales. The later transfer of those materials to the contractor's customers in the form of real property is treated as a use of the property by the contractor and not a retail sale of the materials. (86 Ill. Adm. Code § 130.2075(a) (1992-93).) Such a contractor may make purchases of building materials free of retailer's occupation taxes, provided the contractor pays the retailer's occupation taxes which would have been due if the contractor converts the materials into real property. (86 Ill. Adm. Code § 130.2075(b)(2) (1992-93).) This is presumably the tax the Department is attempting to recover from plaintiff.

A contractor's incorporation of building materials into real estate is a use of the materials by the contractor and not a sale of the materials to the contractor's customer. *Material Service Corp. v. Issacs* (1962), 25 Ill. 2d 137, 140-41, 183 N.E.2d 164, 166 (sales of building materials to contractor were taxable as sales at retail since not made for resale as tangible personal property, but were for use or consumption by the contractor); *G.S. Lyon & Sons Lumber & Manufacturing Co. v. Department of Revenue* (1961), 23 Ill. 2d 180, 182-83, 177 N.E.2d 316, 318 (sale of building materials to builder of house is taxable as retail sale even though builder intends to sell completed house; sale of house does not involve resale of the materials as tangible personal property).

■ Administrative regulations have the force and effect of law

and are construed under the same standards which govern the construction of statutes. (*Union Electric Co.*, 136 Ill. 2d at 391, 556 N.E.2d at 239.) Administrative interpretations by the agency charged with administering a statute are entitled to respect and deference from a reviewing court, but are not binding on the court. Such rules cannot limit or extend the scope of a statute. *Van's Material Co.*, 131 Ill. 2d at 202-03, 545 N.E.2d at 699.

■ Department regulations exempt all sales of building materials for incorporation into real estate owned by charitable, religious and educational organizations or institutions, and government bodies, whether such sales are direct or indirect. (86 Ill. Adm. Code § 130.2075(d)(1) (1992-93).) It could be argued this interpretation by the Department recognizes there is little difference whether a purchaser of materials which will be incorporated into real estate makes the purchase directly or through the party who will install the materials. However, it is not an arbitrary or unreasonable interpretation of the enterprise zone exemption to require the purchases, direct or indirect, to be made from a supplier located within the jurisdiction which created the enterprise zone in order to qualify for the exemption. This is the effect of the Department's interpretation since the exemption was allowed for purchases of materials incorporated into real estate by plaintiff which were purchased *within* the jurisdiction which created the enterprise zone containing the real property.

The interpretation urged by plaintiff is not inconsistent with the expressed purpose of the Illinois Enterprise Zone Act to "explore ways and means of stimulating business and industrial growth and retention in depressed areas and stimulating neighborhood revitalization of depressed areas of the State by means of relaxed government controls and tax incentives in those areas." (20 ILCS 655/2 (West 1992).) Presumably retailers pass along the tax savings gained through exemptions to their customers. Businesses located within an enterprise zone are aided by the exemption from retailer's occupation tax for building materials incorporated into real estate by realizing a lower total cost for remodeling, rehabilitation, and new construction. The ultimate benefit to the business itself located within the enterprise zone is the same, whether the materials are purchased from a supplier within the jurisdiction creating the enterprise zone or not. The incentives to locate or expand a business in an enterprise zone would also therefore be the same. From a policy standpoint then, it makes no difference whether materials purchased for incorporation into real estate located within an enterprise zone are purchased from a retailer within the jurisdiction which created the

enterprise zone. However, the established precedent from our supreme court in *Lyon* and *Material Service*, coupled with the Department's regulations, do not permit a conclusion the disputed transactions here are eligible for the enterprise zone exemption.

■ In its brief plaintiff also argued section 1d of the Act is the section which applies to the transactions at issue, and it does not require the materials to be purchased in the jurisdiction which created the enterprise zone in order for the exemption to apply. (Ill. Rev. Stat. 1987, ch. 120, par. 440d; Ill. Rev. Stat. 1989, ch. 120, par. 440d.) This section, however, applies to property used in the process of manufacturing by certain qualified manufacturing operations and is not applicable to the type of transactions at issue in this case. Plaintiff also argued section 1e of the Act, related to property used or consumed in the operation of pollution control facilities by certain qualified businesses, does not require the subject materials be purchased within the jurisdiction which created the enterprise zone. (Ill. Rev. Stat. 1987, ch. 120, par. 440e; Ill. Rev. Stat. 1989, ch. 120, par. 440e.) However, plaintiff gives no explanation as to which of the disputed transactions it believes this section applies to and makes no argument as to why the Department's disallowance of exemptions claimed to fall under this section was in error.

The sections cited by plaintiff relate to property *used or consumed* within an enterprise zone by certain manufacturers or in the operation of pollution control facilities. The disputed taxes in this case relate to transactions in which plaintiff sold personal property in the form of building materials and as part of the same transactions provided the labor by which the personalty was physically incorporated into real estate located in an enterprise zone. Therefore, the section which must be looked to for the availability of an exemption for the transactions is section 5k of the Act (Ill. Rev. Stat. 1987, ch. 120, par. 444k; Ill. Rev. Stat. 1989, ch. 120, par. 444k), under which these transactions are not eligible for the exemption.

The Act allows an exemption for building materials incorporated into real property within an enterprise zone, but clearly the materials must be purchased *within* the jurisdiction which created the enterprise zone in order to qualify for the exemption. Ill. Rev. Stat. 1987, ch. 120, par. 444k; Ill. Rev. Stat. 1989, ch. 120, par. 444k.

■ For all these reasons, we reverse the circuit court insofar as it ruled for plaintiff in its challenge to the Department's disallowance of a retailer's occupation tax exemption on sales of building materials incorporated into real estate within an enterprise zone where the materials were purchased *outside* the jurisdiction which created the enterprise zone.

Although the Department asks for a general reversal of the circuit court's judgment, it makes no argument the court's ruling with regard to the retail sales of "specialty manufacturing" by plaintiff was in error. The Department conceded this issue in its argument before the circuit court while reserving the right to object to the computation of any refund due to plaintiff. No such objection has been made. Therefore, the refund as calculated for the specially manufactured products sold at retail by plaintiff in the amount of $19,209.30 stands uncontradicted and is affirmed.

●11 Finally, the circuit court's judgment awarded costs to plaintiff. The Department argues this award was in error since costs are recoverable against the Department only when specifically authorized by statute. (See *Department of Revenue v. Appellate Court of Illinois, First District* (1977), 67 Ill. 2d 392, 395-98, 367 N.E.2d 1302, 1303-05.) Plaintiff conceded at oral argument it was not entitled to costs. Section 5d of the Act provides "[t]he Department is not required to furnish any bond nor to make a deposit for or pay any costs or fees of any court or officer thereof in any judicial proceedings under this Act." (35 ILCS 120/5d (West 1992).) This precludes the award of costs made against the Department by the circuit court. The award of costs to plaintiff is reversed.

The judgment of the circuit court is affirmed in part, *i.e.*, as to the refund for specially manufactured products sold at retail by plaintiff, and reversed insofar as its determination of the eligibility of certain transactions for an enterprise zone exemption, and on its award of costs to plaintiff.

Affirmed in part; reversed in part and cause remanded.

LUND and McCULLOUGH, JJ., concur.