(No. 37429.—

CENTRAL TELEVISION SERVICE, INC., *et al.,* Appellees, *vs.* THEODORE J. ISAACS, Director of Revenue, *et al.,* Appellants.

*Opinion filed March 25, 1963.*

WILLIAM G. CLARK, Attorney General, of Springfield, (WILLIAM C. WINES, RAYMOND S. SARNOW, A. ZOLA GROVES, and EDWARD A. BERMAN, Assistant Attorneys General, of counsel,) for appellants.

SCHRADZKE, GOULD AND RATNER, and JACOBSON, NIERMAN & SILBERT, both of Chicago, (BENJAMIN Z. GOULD, GERALD RATNER, and DAVID DILBERT, of counsel,) for appellees.

Mr. JUSTICE UNDERWOOD delivered the opinion of the court:

This case is before us on appeal from the circuit court of Cook County which held unconstitutional certain 1957 amendments to section 1 of the Retailers' Occupation Tax Act (Ill. Rev. Stat. 1957, chap. 120, par. 440) and section 2 of the Use Tax Act (Ill. Rev. Stat. 1957, chap. 120, par. 439.2) together with Rule 10, as revised on July 11, 1957, and February 1, 1958, of the Rules and Regulations relating to the Retailers' Occupation Tax Act issued by the Department of Revenue of the State of Illinois, and enjoined further collection of the tax upon sales of the kind here involved, reserving jurisdiction "for the purpose of hereafter ordering the refund and return by the Defendants of any and all amounts heretofore or hereafter paid under protest." The court further found that, "no just cause exists for staying the appealability of this Decree".

The amendments in question added to each of the acts, *inter alia,* the following provisions (Retailers' Occupation Tax Act) : "Persons who engage in the business of repairing tangible personal property for others by adding or incorporating therein other tangible personal property for use or consumption shall be deemed to be engaged in the business of selling tangible personal property at retail within the meaning of this Act when engaging in any such business and shall not be regarded as being engaged primarily in a service occupation in such transactions."

By further amendment in 1961 (Senate Bill 562, Laws of 1961 p. 1736,) the words "remodeling or reconditioning" were added following the word "repairing", and the words "transferring and" were inserted after the phrase

"for others by" in the first two lines. The 1961 amendments to both acts were also held invalid and inapplicable to plaintiffs.

The factual situation, as stipulated by the parties and found by the trial court is that the plaintiffs are engaged in the business of servicing and repairing television sets and electronic equipment of all kinds, motor vehicles, shoes and boats. In so doing the plaintiffs frequently, but not always, incorporate into the repaired article other tangible personal property, *i.e.*: tubes for television sets, spark plugs for cars, heels for shoes, *etc.*, and the use of such parts is incidental to the rendition of the service. The cost of such items usually represents a minor portion of the total charge. The tests to determine the repairs necessary may be made at the customer's home but are usually done on plaintiff's premises where the required tools, equipment and facilities are maintained.

The trial judge also found that the customers of plaintiffs relied upon the judgment, knowledge and experience of the plaintiffs in making the repairs, and that the selection of any parts or materials to be incorporated therein was left to plaintiffs; that the personnel of plaintiffs possessed special training, talents, skills, knowledge, experience and technical ability necessary to accomplish the requested repairs; that the customers were contracting for repair and restoration of function, rather than the purchase of parts or materials; that plaintiffs advertised and held themselves out to the public as being "servicemen" and offering "service"; that in some instances plaintiffs enter into service or maintenance contracts for fixed periods of one year or less under which plaintiffs furnish repair services during such period at a fixed price, regardless of whether parts or materials are replaced.

Finally, the decree held each of the plaintiffs to be engaged primarily in a service occupation to which any transfer of tangible personalty was incidental and not to be en-

gaged in the business of selling tangible personal property at retail within the meaning of the Retailer's Occupation Tax Act.

The problem posed for our consideration is as to whether the amendments in question are unconstitutional attempts by the General Assembly to bring occupations essentially of a service nature within the ambit of the retailers' occupation tax, or whether the acts can be said to levy constitutional and nondiscriminatory taxes upon that portion of the plaintiffs' repair business which involves the replacement of parts constituting tangible personalty. Related questions have been before us on numerous occasions; their resolution has not always been, nor is it now, free from difficulty.

While appellees have cited many of our prior decisions in support of the trial court, a determination as to whether the occupation of the plaintiffs in this case consists principally of the rendition of service or of the transfer of personal property requires only a brief reference to the controlling principles announced in several recent cases, and the factual situation as stipulated to by the parties. In numerous cases, (*Mahon* v. *Nudelman,* 377 Ill. 331 (repairing or restyling of fur garments by adding suitable pieces of fur); *Ingersoll Milling Machine Co.* v. *Department of Revenue,* 405 Ill. 367 (manufacture and sale of special equipment for a particular purpose); *Oscar L. Paris Co.* v. *Lyons,* 8 Ill.2d 590 (selling and laying of carpeting); *Wallender-Dedman Co.* v. *Department of Revenue,* 15 Ill.2d 485 (business of job printing), and the recent case of *Dow Chemical Co.* v. *Department of Revenue,* 26 Ill.2d 283 (incidental transfer of chemicals in connection with stimulation treatments given oil wells),) similar factual situations have been held to constitute nontaxable service occupations, or pertinent principles have been discussed. We regard the controlling principles as well stated in the *Dow Chemical* case where we said, at

pages 285 *et seq.:* "From the record before us it appears that the plaintiff uses its specialized skill, knowledge and experience at every stage of the stimulation treatment process. * * * The treatment that a particular well requires and the nature and quantity of the materials to be used are determined by plaintiff. * * * From the time plaintiff first contacts an operator regarding a stimulation treatment until the treatment is completed, the plaintiff is in complete control of the materials and equipment to be used and the procedure to be followed. It appears clear from the undisputed testimony that the chemicals sold had no independent value to the well operator except as a result of the service furnished by the plaintiff. It also seems clear that the treatments involve the utilization of special skill, knowledge and experience to accomplish the end result desired by the customer, and that the chemicals utilized are incidental to the rendition of the service."

Applying the principles set forth in the cases above cited to the factual situation as stipulated by the parties in the instant case, it is apparent to us that the customers "were contracting for repair and restoration of function" rather than the purchase of parts or materials, and that "the repairs involve the utilization of special skill, knowledge and experience to accomplish the end result desired by the customer,". It is apparent to us, also, that the situation here is controlled by the earlier decisions above cited, and that the occupation engaged in by the plaintiffs was clearly, fundamentally and essentially the rendition of service to the customer and did not constitute the occupation of selling tangible personal property at retail.

We pass then to a consideration of the second question involved: May the General Assembly of this State amend an act whereby "a tax is imposed upon persons engaged in the business of selling tangible personal property at retail", (Ill. Rev. Stat. 1957, chap. 120, section 441), and thereby extend such tax to transfers of tangible personal

property made incidentally to the business of rendering services forming the primary occupation of the taxpayer? Plaintiffs concede that their occupation may be taxed by the State under a proper legislative enactment uniform in its application, but contend that the 1957 and 1961 amendments to the Retailers' Occupation Tax Act are essentially an attempt to fundamentally change the nature of the occupation in which plaintiffs are engaging by defining their occupation as something which it is not, and that such action violates the uniformity requirements of section 1 of article IX of the constitution. The State contends that we have already answered this question in two prior decisions, *Ahern* v. *Nudelman,* 374 Ill. 237, and *Massell* v. *Daley,* 404 Ill. 479. As we said in the *Dow Chemical Co.* case where the *Massell* v. *Daley* decision was cited by the State, our decision there holding the sale of food and beverages by night clubs to be a separate business, the proceeds of which were taxable, was predicated upon our finding that two separable activities were there involved, and that the sales of food and beverages measured a tax. We held that the business in the *Dow Chemical Co.* case was not so divisible. In *Ahern* we held taxable under the act the sale of caskets, grave clothes, vaults and flowers by undertakers also engaged in the embalming of dead bodies. That decision again was predicated upon the fact that two divisible operations were present, and the transfer of tangible personal property in the form of caskets, vaults, *etc.,* actually constituted the major portion of the transaction to which the services rendered were incidental. That these factors distinguished *Ahern* from our prior decisions, holding nontaxable the service occupations involved therein, was recognized in *Ahern* when the court at page 240 used the following language: "The distinction is apparent. In the cases just cited [nontaxable service occupations] it was the skill or service that was bargained for and the property incidentally delivered had a value only as a result of such

skill or service. * * * The skill and service of the director does not enhance the value of the casket or render it more or less suitable for its purpose. On the contrary, it serves the opposite purpose of fixing the selling price of the service by having such cost included in the augmented selling price of the casket." It is readily apparent that the services rendered by the undertakers in *Ahern* were considered by the court to be completely incidental to the sales of tangible personal property in the form of caskets and vaults, and that decision is not in conflict with the result here reached, where the stipulated facts are that the transfers of tangible personal property used in making repairs were incidental to the service rendered.

Part of the basic contention of the State appears to be that the amendments in question are the product of the earlier decisions of this court—that, since we held in *Revzan* v. *Nudelman,* 370 Ill. 180, that suppliers of shoe repairmen were not taxable on the supplies sold to the repairmen because such sales were not made "for use or consumption" by the repairmen, and that the ultimate user or consumer was the customer to whose shoes the supplies were attached, then the transfer to the customer must be taxable, and the amendments are designed to tax it. The court's language in *Revzan* is especially pertinent here. At page 186 the court stated: "The question before us is not the liability or non-liability of shoe repairmen, and if it be conceded that they do not come within the statute, it does not follow that such a determination necessarily shows a liability of plaintiffs. *In order to impose a tax on anybody under the act, the facts must bring such party within its terms, without regard to the non-liability of anybody else."* (Emphasis supplied.) The difficulty here lies in a misconception of the nature of the Retailers' Occupation Tax Act. It is not a tax on the privilege of buying, or upon the individual sale—it is a tax upon the *occupation* of selling at retail (*Revzan* v. *Nudelman,* 370 Ill. 180, 183;

*Svithiod Singing Club* v. *McKibbin,* 381 Ill. 194, 199)—
an occupation in which plaintiffs are not engaged. The
State contends plaintiffs are engaged in a taxable occupa-
tion—and plaintiffs concede their occupation to be taxable
—but not under an act taxing the business of engaging in
retail sales.

The State also maintains that the third *Material Serv-
ice* case, *Material Service Corp.* v. *Isaacs,* 25 Ill.2d 137,
and *Lyon & Sons Lumber and Mfg. Co.* v. *Department of
Revenue,* 23 Ill.2d 180, support the taxability of the trans-
fers in this case. We cannot agree. Actually, neither *Lyon
& Sons* nor *Material Service* are pertinent to the issues
here involved, since the former simply overruled earlier
case law and held sales of building materials to speculative
builders were made "for use and consumption" and not
for resale and were therefore taxable. *Material Service*
extended the same rule to general contractors building for,
and on land owned by, other persons.

The amendment with which we are concerned concludes
with the clause "when engaging in any such business and
[plaintiffs] shall not be regarded as being engaged primarily
in a service occupation in such transactions." This is ob-
viously a legislative effort to convert something into that
which it is not. The fact that a legislative definition states
a serviceman "shall be deemed to be engaged in the business
of selling tangible personal property at retail" does not
mean that he is so engaged unless the facts establish this
to be true, and the fact that the statute further states such
serviceman "shall not be regarded as being engaged pri-
marily in a service occupation" does not make him any the
less so engaged in a service occupation if he, in fact, is so
engaged. (*Stolze Lumber Co.* v. *Stratton,* 386 Ill. 334,
(subsequently overruled on other grounds in *Modern
Dairy Co.* v. *Department of Revenue,* 413 Ill. 55); *Ohio
Oil Co.* v. *Wright,* 386 Ill. 206; *Winter* v. *Barrett,* 352
Ill. 441). As the cases here cited, as well as the decisions

therein referred to, demonstrate, it is constitutionally impermissible to define terms in a legislative enactment "contrary to their common meaning and contrary to the purpose and spirit of the act". (*Stolze Lumber Co.* v. *Stratton*). In the *Ohio Oil Co.* case the court held a legislative attempt to define the term "producer" as including one having a royalty interest and therefore includable within the scope of a tax upon oil producers, was invalid; the court there stated that the tax was an occupation tax upon those engaged in the business of producing oil as shown by the title and context of the act, and that a royalty owner could not be brought under the act since he was not, in fact, in the business of producing oil. At pages 217-218 the court said "It manifestly is not a fact that such royalty owners are in the business of producing oil * * *. The legislature does not have the power by legislation to declare that not to be a fact which everyone knows is a fact, * * * and, by the same reasoning, cannot legislate that to be a fact which everyone knows is not a fact." And at page 220 the court says in discussing sections 1 and 2 of article IX of the constitution "We have held that these two provisions do not prevent the legislature from placing a tax on some other business or occupation than that specifically enumerated in section 1. [Citing cases.] However, such tax must be uniform as to the class upon which it operates, as is expressly provided by the constitution. A tax upon the occupation of producing oil is just as logical and valid a classification as is the occupation of engaging in the retail sale of tangible personal property for use or consumption, but like that tax it must operate uniformly upon a class. The designation of the persons composing a class may not be arbitrary or capricious, and *uniformity may be violated by including those in fact not within the class,* [citing cases] as well as by excluding those properly within it." (Emphasis supplied.) See also *People ex rel. Holland Coal Co.* v. *Isaacs,* 22 Ill.2d 477, 481.

"Taxing laws are to be strictly construed and they are not to be extended beyond the clear import of the language used. If there is any doubt in their application they will be construed most strongly against the government and in favor of the taxpayer." (*Oscar L. Paris Co.* v. *Lyons,* 8 Ill.2d 590, 598; *Svithiod Singing Club* v. *McKibbin,* 381 Ill. 194, 200.) The amendments herein referred to simply represent an attempt to embrace within the Retailers' Occupation Tax Act certain occupations which are inherently and fundamentally service occupations. The fact that in the course of such occupation transfers of tangible personal property sometimes occur, in the form of replacement of worn out or defective material or parts, does not change the fundamental character of the occupation into that of the retail selling of tangible personal property.

We therefore hold the amendments and departmental Rule 10 violative of the uniformity provisions of section 1 of article IX of the constitution.

The circuit court of Cook County was correct in its decision, and its decree is therefore affirmed.

*Decree affirmed.*