(No. 37275.—

WABASH RAILROAD COMPANY, Appellee, *vs.* THE DEPARTMENT OF REVENUE, Appellant.

*Opinion filed May 27, 1963.*

WILLIAM G. CLARK, Attorney General, of Springfield, (WILLIAM C. WINES, RAYMOND S. SARNOW, A. ZOLA

GROVES, and EDWARD A. BERMAN, Assistant Attorneys General, of counsel,) for appellant.

JOHN L. DAVIDSON, JR., and ROBERT E. SIMPSON, of St. Louis, Mo., and JAMES M. WINNING, of Springfield, for appellee.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

The Department of Revenue assessed certain retailers' occupation taxes against the Wabash Railroad in the amount of $19,321.50, plus penalties of $1,932.17. The railroad brought administrative review proceedings in the circuit court of Sangamon County, which thereafter set aside the assessment as invalid. The Department appeals directly to this court, the revenue being involved.

The assessment was made upon the dollar amount of repairs made by the Wabash railroad at various points in Illinois to railroad cars owned by other railroads, during the period July 11, 1957, through June 30, 1959. Like all railroads engaged in interstate commerce the Wabash is required by Federal law to inspect cars of other railroad companies that come onto its lines, and to repair those that are defective. (Interstate Commerce Act, Tit. 49 U.S.C.A., sec. 1; Federal Safety Appliance Act, Tit. 45 U.S.C.A., secs. 1-16.) In accordance with a code drawn up by the Association of American Railroads, Wabash billed the other railroads for its repairs on their cars, and on the same basis was billed by other railroads for the repairs they made on its cars. The Interstate Commerce Commission and the Association of American Railroads determine the manner in which repairs shall be accomplished, and the method of billing such charges. The owner of the car repaired must accept the repair and must reimburse the repairing railroad. The Department concedes the Wabash was required to and did make, without profit, repairs to each car found defective.

The taxes in question are imposed upon "persons engaged in the business of selling tangible personal property at retail." (Ill. Rev. Stat. 1957, chap. 120, par. 441; Ill. Rev. Stat. 1957, chap. 24, par. 23—111.) In 1957 section 1 of the Retailers' Occupation Tax Act, defining the terms used in the Act, was amended by adding the following paragraph: "Persons who engage in the business of repairing tangible personal property for others by adding or incorporating therein other tangible personal property for use or consumption shall be deemed to be engaged in the business of selling tangible personal property at retail within the meaning of this Act when engaging in any such business and shall not be regarded as being engaged primarily in a service occupation in such transactions." (Ill. Rev. Stat. 1957, chap. 120, par. 440.) Section 23—111 of the Revised Cities and Villages Act (Ill. Rev. Stat. 1957, chap. 24, par. 23—111), also involved here, authorizes a municipal retailers' occupation tax, and adopts by reference the definitions of terms set forth in section 1 of the Retailers' Occupation Tax Act.

The assessment made in this case is sustainable, if at all, only under the quoted provisions of section 1 of the Retailers' Occupation Tax Act, purporting to bring within the scope of the Act those who engage in "the business of repairing tangible personal property for others." In *Central Television Service, Inc.* v. *Isaacs*, 27 Ill.2d 420, decided at the March term of this court, we held the quoted paragraph unconstitutional and void because it arbitrarily defined terms contrary to their common meaning, and attempted thereby to bring under the act occupations inherently different from those covered by its title and context. Since the assessment was made under an invalid statutory authorization it was properly set aside by the circuit court.

It is unnecessary to consider other grounds advanced to support the judgment, and it is affirmed accordingly.

*Judgment affirmed.*