AREA VOCATIONAL — TECHNICAL SCHOOLS — AUTHORITY Area vocational-technical schools of Oklahoma are authorized to offer education beyond high school within the meaning of 20 U.S.C.A. 1085(c) and 1141(a) but whether the remaining requirements of these sections of federal law are met would depend upon a separate factual determination by the United States Commissioner of Education relating to a particular area vocational-technical school. The State Board of Vocational and Technical Education has been granted authority by 70 O.S. 14-103 [70-14-103] and 70 O.S. 14-108 [70-14-108] (1971) to determine the quality of programs offered at vocational-technical schools and colleges, other than "institutions of higher education supported wholly or in part by direct legislative appropriation," within the meaning of Article XIII-A of the Oklahoma Constitution. The State Board of Vocational and Technical Education is authorized to supervise and accredit adult vocational, technical and occupational education offered at those institutions and 70 O.S. 2268 [70-2268] and 70 O.S. 2269 [70-2269] (1974) provide for participation by the State Board in federal funds received under part B of Title 10 of the Higher Education Act of 1965, as amended, codified at20 U.S.C.A. 1135b through 20 U.S.C.A. 1135b9. The Attorney General has considered your request for an opinion wherein you ask, in effect, the following questions: 1. Whether or not Area Vocational-Technical Schools in the State of Oklahoma have been granted legal authority to offer education beyond high school. 2. Whether or not the State Department of Vocational and Technical Education in Oklahoma is granted legal authority to determine the quality of public education, not for college credit, beyond high school. 3. Does Senate Joint Resolution 35 of the 1973 legislative session, codified at 70 O.S. 2251 [70-2251] through 70 O.S. 2272 [70-2272] (1974), specify that the State Board of Vocational and Technical Education has the authority to supervise and accredit adult vocational, technical, and occupational education (not for college credit) for gainful employment beyond high school and participate in federal funds provided under Title X, parts A and B, of the Higher Education Act of 1965, as amended. In your request you state that the eligibility of students attending area vocational and technical schools for certain grants, assistance and loans under the Higher Education Act of 1965, as amended, has been questioned and that in order to be an eligible institution under this Act an area vocational and technical school must have authority to offer education beyond secondary education. It is in this context in which your request for an opinion has been considered. Concerning your first question, Section 1201 of the Higher Education Act of 1965, codified at 20 U.S.C.A. 1141, defines the term "Institution of Higher Education," generally for purposes of being eligible for assistance and aid under Chapter 28 of Title 20 U.S.C.A., as follows: "As used in this chapter — "(a) The term 'institution of higher education' means an educational institution in any State which (1) admits as regular students only persons having a certificate of graduation from a school providing secondary education, or the recognized equivalent of such a certificate, (2) is legally authorized within such State to provide a program of education beyond secondary education, (3) provides an educational program for which it awards a bachelor's degree or provides not less than a two-year program which is acceptable for full credit toward such a degree, (4) is a public or other nonprofit institution, and (5) is accredited by a nationally recognized accrediting agency or association or, if not so accredited, (A) is an institution with respect to which the Commissioner has determined that there is satisfactory assurance, considering the resources if any, during which it has operated, the effort it is making to meet accreditation standards, and the purpose for which this determination is being made, that the institution will meet the accreditation standards of such an agency or association within a reasonable time, or (B) is an institution whose credits are accepted, on transfer, by not less than three institutions which are so accredited, for credit on the same basis as if transferred from an institution so accredited. Such term also includes any school which provides not less than a one-year program of training to prepare students for gainful employment in a recognized occupation and which meets the provisions of clauses (1), (2), (4), and (5). For purposes of this subsection, the Commissioner shall publish a list of nationally recognized accrediting agencies or associations which he determines to be reliable authority as to the quality of training offered. ****" Generally, under the Federal Act any institution which meets the above definition would be eligible for the various programs of aid and assistance. Under certain specific programs provided for in the Higher Education Act of 1965, however, different definitions of institutions or programs are used as a basis for qualifying or being eligible to participate in these programs of assistance or grants. Such definitions generally contain somewhat less stringent requirements than the definition cited above in 20 U.S.C.A. 1141(a). As to whether a particular institution or school qualifies under these various definitions would depend upon a separate factual determination in each case. As to Clause (2) of 20 U.S.C.A. 1141(a), subsection (d) of Section 1141, must also be considered in ascertaining what is meant by a program of education beyond secondary education. Subsection (d) of Section 1141 reads as follows: "The term 'secondary school' means a school which provides secondary education as determined under state law except it does not include any education provided beyond grade twelve." The question, therefore, is whether or not area vocational and technical schools are authorized under Oklahoma law to provide a program of education beyond grade twelve. This question is answered in part by Attorney General's Opinion No. 68-379, issued December 19, 1968, stating that an area school district is a separate and distinct entity from school districts offering secondary educational programs. In addition, Section 9B of Article X, Section 9B of the Oklahoma Constitution places no limitation upon area vocational and technical schools as to secondary or postsecondary programs. Senate Joint Resolution 35 of the 1973 Legislative Session, codified as 70 O.S. 2251 [70-2251] through 2272, dealing with the responsibilities of the State Board of Vocational and Technical Education -and the Oklahoma State Regents for Higher Education, purports, however, to equate the specific term "higher education", as used in Article XIIIA of the Oklahoma Constitution, with the general term "postsecondary education," and in Section 70 O.S. 2252 [70-2252] provides as follows: "The term 'higher education' as used in Article XIII-A of the Constitution of Oklahoma and the vitalizing statutes or the term 'postsecondary' shall mean all education of any kind beyond the twelfth grade in which students pursue study and for which the credit earned may apply towards meeting the requirements for a degree, diploma, or other postsecondary academic or collegiate award, and shall also include bona fide postsecondary adult and continuing education, extension and public service education, and organized research as may be authorized by the State Regents as a part of the functions and courses of study of a member institution in the Oklahoma State System of Higher Education. " As used in Section 1, Article XIIIA, Section 1 of the Oklahoma Constitution, the term "institution of higher education" appears to be clear and unambiguous, and therefore, would be given its ordinary and plain meaning. Wimberly v. Deacon, 144 P.2d 447 (1944). Where the words or terms used in a constitutional provision convey a definite meaning, involving no absurdity or contradiction of other provisions, the meaning apparent on the face of the provision must be accepted, and neither the court nor the Legislature has the right to add to or to take from such meaning. Cox v. Dillingham, 184 P.2d 976 (1947) and McCurtain County Excise Board v. St. Louis-San Francisco Ry. Co., 340 P.2d 213 (1959). According to Webster's Third New International Dictionary, (1963) at page 1068, the term "higher education" means education beyond the secondary level, education provided by a college or university, and the term "higher institution" means an educational institution of collegiate or more advanced grade. The ordinary and plain meaning of the term "institution of higher education" would, therefore, be an institution of collegiate or more advanced grade offering education beyond the secondary level. An institution of collegiate grade would be one having the attributes of a college. In State v. Erickson, 244 P. 287 (Mont. 1926), it was held that a college was an institution of learning, consisting of trustees, teachers, and scholars, making up the membership of the institution, engaged in imparting knowledge to students and possessing the right to confer degrees. Section 1 of Article XIIIA, Section 1 goes on to qualify the specific term " institution of higher education" by the phrase " supported wholly or in part by direct legislative appropriation." Nowhere in Article XIII-A is any reference made to the general term "postsecondary." According to Webster's Third New International Dictionary, (1963) at page 1771, the prefix "post" means after or later, and at page 2051 "secondary," in reference to schools, means more advanced in grade than an elementary school. The term "postsecondary" would, therefore, ordinarily mean anything after or later than secondary school. These two terms are different in scope in that "postsecondary" would include any education after secondary school whether or not it is of collegiate or more advanced grade. The above cited provision, 70 O.S. 2252 [70-2252] (1974), appears to define the general term "postsecondary" to apply only to collegiate or more advanced grade courses taken for college credit, postsecondary adult and continuing education, extension and public service education and organized research at a member institution of the state system. It is doubtful that this synonymous treatment of the terms " higher education" and "postsecondary" would have legal effect, especially in determining what is meant by a postsecondary program under federal law. According to Sutherland Statutory Construction, Vol. lA, 27.01 (4th Ed. 1972), at page 309: "When a statute defines a word to mean something wholly different from what it means in conventional usage as well as where the meaning of a definition cannot be rendered certain by the use of normal techniques of interpretation, its constitutionality may be subject to question on grounds of being void for vagueness." Also in Vol. 2A, 47.07 and 47.28, at pages 81 and 142, Sutherland states in part as follows: "As to all such definitions (referring to legislative definitions), there is no question of the binding effect of a legislatively enacted declaration of the meaning that a term shall have in the same or subsequent legislative acts, so long as the prescribed meaning is not so discordant to common usage as to generate confusion." "It has even been said to be unconstitutional for a legislature to give words in a statute other than their common meanings." (Citing Central Television Service, Inc. v. Isaacs, 189 N.E.2d 333 1963.) Further, in determining what is meant by "a program of education beyond secondary education," as used in Clause (2) of subsection (a) of 20 U.S.C.A. 1141, the provisions of 70 O.S. 2252 [70-2252] (1974), could not constitutionally be applied under the federal supremacy clause, Article VI, Clause 2, United States Constitution, in any manner which would result in considering any education beyond the twelfth grade as being secondary in conflict with the express language of subsection (d) of 20 U.S.C.A. 1141, which specifically excludes any education beyond the twelfth grade from the definition of the term "secondary school," contained in that subsection. In addition, it should be noted that 70 O.S. 4423 [70-4423] (1974), enacted at the same session of the Legislature as 70 O.S.Supp. 1974 2252, but subsequently amended in 1974, providing for certain junior colleges to become members of the State System of Higher Education, speaks of postsecondary area school district programs and reads in part as follows: "Any college so becoming a member of the state system which was at the time of the proclamation operating a technical area school district program to carry out the function of postsecondary technical education of the people of the district shall continue to do so as then operated and in accordance with 70 O.S. 4410 [70-4410], and all property acquired by virtue of the technical area school district operation shall remain as property of the technical area district and be maintained in the custody of the Board of Regents of the junior college acting as the governing board of technical area school district for use by the postsecondary area school district program." Under the above-statutory provision, it is clear that the Legislature recognizes that certain vocational and technical area school districts are carrying on a postsecondary function. Section 435(c) of the Higher Education Act of 1965, codified at 20 U.S.C.A. 1085(c), defining the term "vocational school" for purposes of part B of subchapter 4 of 20 U.S.C. relating to student assistance, contains a similar requirement that such school is legally authorized to provide, and provides within the state, a program of postsecondary vocational or technical education designed to fit individuals for useful employment in recognized occupations. The foregoing discussion would also be applicable to this provision. It would, therefore, follow that area vocational and technical schools in the State of Oklahoma are legally authorized to offer education beyond high school. Whether a particular area vocational and technical school meets the additional requirements of Sections20 U.S.C.A. 1141(a) and 20 U.S.C.A. 1085(c), however, would depend upon a separate factual determination in each instance by the United States Commissioner of Education. Concerning your second question, 70 O.S. 14-103 [70-14-103] (1971), provides in part at follows: "The State Board of Vocational and Technical Education shall have the following powers and duties: "**** "2. Have the supervision of the vocational and technical schools and colleges of Oklahoma, except Oklahoma State University of Technical Training at Okmulgee and the Oklahoma State University Technical Institutes at Oklahoma City and Stillwater which, however, shall be eligible to participate in federal programs administered by the State Board of Vocational and Technical Education as hereinafter provided. "**** "4. Provide for the formulation and adoption of curricula, courses of study, and other instructional aids necessary for the adequate instruction of students in the vocational and technical schools and colleges of this state. "**** "6. Enter into such agreements and contracts with the State Board of Education, boards of trustees of community junior colleges, boards of education of independent and dependent school districts, boards of education of area school districts for vocational and/or technical schools, private educational or training institutions, public or private industry, and boards of directors of community action programs, as may be necessary or feasible for the furtherance of vocational and technical training within this State. "7. Cooperate and enter into agreements with the Oklahoma State Regents for Higher Education." In addition, 70 O.S. 14-108 [70-14-108] (1971), relating to area vocational-technical districts, provides in part as follows: "The State Board of Vocational and Technical Education shall prescribe criteria and procedures for establishing area vocational technical school districts and the government thereof, as provided by Article X, Section 9B Oklahoma Constitution, and such districts so established shall be operated in accordance with rules and regulations of the State Board of Vocational and Technical Education, except as hereinafter otherwise provided." Although the previously cited provisions of Section 70 O.S. 14-103 [70-14-103] refers to the State Board of Vocational and Technical Education as having supervision of "vocational and technical schools and colleges", such provision cannot constitutionally be interpreted as applying to any institution of higher education supported by direct legislative appropriation, within the meaning of Section1, Article XIII-A of the Oklahoma Constitution as comprising the Oklahoma State System of Higher Education. As pointed out previously, however, vocational and technical programs are conducted at the general postsecondary level. The language of the above-cited statutory provisions appears to be sufficiently broad so as to include the authority to determine the quality or certify as to the standards of education of vocational and technical education programs, and based on these statutory provisions, it would follow that the State Board of Vocational and Technical Education has been granted such authority with respect to vocational and technical education programs offered at vocational and technical schools and colleges of the State of Oklahoma, except where such programs are offered at those institutions of higher education supported by direct legislative appropriation within the meaning of Article XIII-A of the Oklahoma Constitution. The determining factor here is not at what educational level the programs are offered, but rather at what institutions the programs are offered. The Oklahoma State Regents for Higher Education have exclusive authority by virtue of Article XIII-A over the quality of education and to certify as to the standards of educational programs offered at institutions of higher education referred to in Section 1 of that Article of the Constitution, without limitation as to the type of programs offered at such institution. Your third question is answered in part by question number two. The authority of the State Board of Vocational and Technical Education under 70 O.S. 14-103 [70-14-103] and 70 O.S. 14-108 [70-14-108] (1971) would appear to include adult vocational, technical and occupational education to the same extent that it includes any other vocational-technical and occupational education. The effect which Senate Joint Resolution 35 of the 1973 Legislative Session, codified at 70 O.S. 2251 [70-2251] through 70 O.S. 2272 [70-2272] (1974), has on this general authority of the State Board of Vocational and Technical Education under 70 O.S. 14-103 [70-14-103] and 70 O.S. 14-108 [70-14-108] is not completely clear in view of the definition of the term "postsecondary", contained in Section 2252, which is somewhat discordant with its ordinary and plain meaning. Sections 2253 and 2254 of the Joint Resolution provide that the development of manipulative skills and other skill-type programs shall be under the jurisdiction of the State Board of Vocational and Technical Education, and Section 2255 provides that the State Board shall be responsible for out of school youth and adult programs. Section 2258 provides that technical and educational programs to be operated at the postsecondary level are to be authorized and approved by the State Regents. This provision could not, however, be constitutionally construed or interpreted as being applicable to those programs operated by vocational or technical schools, which are not institutions of higher education referred to in Section 1, Article XIII-A of the Oklahoma Constitution, since Article XIII-A is a self-executing provision and the authority of the Regents thereunder would extend only to institutions of higher education supported wholly or in part by direct legislative appropriation. The rule as to self-executing provisions of a constitution holds that they cannot be abridged, extended or otherwise altered by legislation, Williams v. City of Norman, 205 P. 144 (1922) and Kiowa County Excise Board v. St. Louis-San Francisco Ry. Co.,301 P.2d 677 (1956). It would, therefore, follow that the Board of Vocational and Technical Education is authorized to supervise and accredit adult vocational, technical and occupational education offered at vocational and technical schools and colleges of the state, other than institutions of higher education referred to in Section 1, ArticleXIII-A of the Oklahoma Constitution. Concerning participation in federal funds under part A of Title 10, codified at 20 U.S.C.A. 1135 through 20 U.S.C.A. 1135a-7, funding is provided directly to those institutions meeting the definition of "community college," under Section 1135a-7, in those states having an approved statewide plan. The State Board of Vocational-Technical Education would, therefore, not participate directly in any of the funds provided for under part A of Title 10. Part B of Title 10, codified at 20 U.S.C.A. 1135b through 20 U.S.C.A. 1135b-9, provides for federal funds and other assistance to aid "postsecondary occupational education," as defined in Section 1135b-9(2), which reads as follows: "The term 'postsecondary occupational education' means education, training, retraining (and including guidance, counseling, and placement services) for persons sixteen years of age or older who have graduated from or left elementary or secondary school, conducted by an institution legally authorized to provide postsecondary education within a State, which is designed to prepare individuals for gainful employment as semi-skilled or skilled workers or technicians or subprofessionals in recognized occupations (including new and emerging occupations), or to prepare individuals for enrollment in advanced technical education programs, but excluding any program to prepare individuals from employment in occupations which the commissioner determines, and specifies by regulation, to be generally considered professional or which requires a baccalaureate or advanced degree." Concerning participation by the State Board of Vocational Technical Education in funds provided for under part B of Title 10, 70 O.S. 2268 [70-2268] and 70 O.S. 2269 [70-2269] [70-2269] (1974), read as follows: "2268. If it is determined that Title 10-Part B of the Federal Aid Law known as P.L.92-318 is principally for occupational education offered at postsecondary institutions (those fitting the definition of junior colleges, postsecondary technical institutions, etc.), then the State Regents' functioning as the designated state agency for administering federal funds received for occupational educational programs shall, by contract arrangement with the State Board, share certain of the federal funds as appropriate for allocation by the State Board for supplemental support of programs operated by institutions under the jurisdiction of the Board (the area vocational-technical schools); and the State Board shall be accountable for administration of the funds so shared with it by the State Regents in accordance with the appropriate federal laws and regulations, provided that the number of education programs offered and the number of students enrolled in them shall be taken into consideration and arriving at appropriate division of the state's allotment of funds to be shared with the State Board." "2269. If it is determined that Title 10-Part B of the Federal Aid Law known as P.L. 92-318 is principally for occupational education offered as non-postsecondary institutions, it shall then become the responsibility of the State Board to function as the state agency for administering federal funds as described in Section 17 and a reverse arrangement of contractual agreements referred to therein shall prevail." Under either of the above-cited sections it appears that the State Board of Vocational and Technical Education would participate in the federal funds mentioned therein. It should be pointed out, however, that both Sections 2268 and 2269 are somewhat inconsistent with the federal definition of post-secondary occupational education cited above. This is evident by the fact that the federal definition of postsecondary occupational education excludes certain programs which would require a baccalaureate or advanced degree, which is generally offered by institutions of higher education, and by the fact that the federal definition has no application to nonpostsecondary education programs. It is, therefore, the opinion of the Attorney General that your questions be answered as follows: 1. Area vocational-technical schools of Oklahoma are authorized to offer education beyond high school within the meaning of 20 U.S.C.A. 1085(c) and20 U.S.C.A. 1141(a) but whether the remaining requirements of these sections of federal law are met would depend upon a separate factual determination by the United States Commissioner of Education relating to a particular area vocational-technical school. 2. The State Board of Vocational and Technical Education has been granted authority by 70 O.S. 14-103 [70-14-103] and 70 O.S. 14-108 [70-14-108] (1971) to determine the quality of programs offered at vocational-technical schools and colleges, other than "institutions of higher education supported wholly or in part by direct legislative appropriation," within the meaning of Article XIII-A of the Oklahoma Constitution. 3. The State Board of Vocational and Technical Education is authorized to supervise and accredit adult vocational, technical and occupational education offered at those institutions referred to in the answer to your second question, and 70 O.S. 2268 [70-2268] and 70 O.S. 2269 [70-2269] (1974) provide for participation by the State Board in federal funds received under part B of Title 10 of the Higher Education Act of 1965, as amended, codified at 20 U.S.C.A. 1135b
through 1135b-9. (Gerald E. Weis) ** SEE: OPINION NO. 77-129 (1977) **