"INSTITUTION OF HIGHER EDUCATION", DEFINED The term "institutions of higher education" as used and intended in its ordinary sense by Article XIII-A of the Oklahoma Constitution, means " institutions of collegiate or more advanced grade offering education beyond the secondary level, supported wholly or in part by direct legislative appropriation," and such term is not subject to legislative construction or interpretation. Area vocational and technical schools operated by area school districts are not intended to operate as "institutions of higher education supported wholly or in part by direct legislative appropriation", within the meaning of Article XIII-A of the Constitution. Area vocational and technical schools of Oklahoma are authorized under the Constitution and the statutes of the State to meet the requirements of clauses (2) and (4) of subsection (a) of 20 U.S.C.A. 1141, but whether the remaining requirements of 20 U.S.C.A. 1141
are met would depend upon a separate factual determination by the United States Commissioner of Education, relating to a particular area vocational and technical school. The State Board of Vocational and Technical Education has been granted authority by 70 O.S. 14-103 [70-14-103] and 70 O.S. 14-108 [70-14-108] (1971) to determine the quality or certify as to the standards of education of vocational and technical educational programs offered at vocational and technical schools and colleges, other than "institutions of higher education supported wholly or in part by direct legislative appropriation" within the meaning of ArticleXIII-A of the Oklahoma Constitution. The Oklahoma State Regents for Higher Education are not authorized by ArticleXIII-A of the Oklahoma Constitution to act as the coordinating board of control for all postsecondary education, generally, within the State of Oklahoma, or to do comprehensive planning for the development of all postsecondary education. The Attorney General has considered your request for an opinion wherein you ask in effect, the following questions: 1. What is an "institution of higher education or postsecondary education" as intended by Article XIII-A of the Constitution of Oklahoma and its vitalizing statutes? 2. Are the institutions commonly known as vocational technical schools operated by area school districts provided for in of Article X, Section 9B of the Constitution intended to operate as institutions of higher education? 3. If your answer to Question 2 is in the affirmative, would the area vocational-technical schools come under the jurisdiction of the Oklahoma State Regents for Higher Education for coordinating control as to the determination of functions and programs of study, prescription of standards of education, granting of degrees and other academic awards, determination of fees to be charged students and allocation of state appropriated funds for budgetary support pursuant to provisions of Article XIII-A of the Constitution of Oklahoma? 4. Do the area vocational-technical schools of Oklahoma have authority under the Constitution and statutes of the State for meeting the requirements of Section 1201, Title XII of Public Law 89-329, as last amended by Public Law 92-318, as "institutions of higher education"? 5. Has the State Department of Vocational and Technical Education been granted legal authority by the Constitution and statutes of Oklahoma to "determine the quality" or certify as to the standards of education of vocational and technical education programs offered at the higher or postsecondary education level? 6. Is the Oklahoma State Regents for Higher Education, as the coordinating board of control for higher or postsecondary education provided for in Article XIIIA of the Constitution of Oklahoma, the authorized agency of the State to do comprehensive planning for the development of higher or postsecondary education as to (a) the functions and courses of study of higher or postsecondary education, (b) the standards of higher or postsecondary education, (c) the degrees to be granted in higher or postsecondary institutions of education, (d) the recommendation of budget allocations to the Legislature for higher or postsecondary education, (e) the determination of the fees and tuition to be charged students at institutions of higher postsecondary education, and (f) the allocation of funds from the consolidated appropriation made by the Legislature to meet the needs of institutions. 7. If your answer to Question 6 is in the affirmative, would it be in conflict with the provisions of Article XIII-A of the Constitution of Oklahoma for the State Regents to delegate their official decision-making authority as regards the comprehensive higher or postsecondary education planning to any individual or group of individuals' or for the membership of the board to be expanded to include others to share in the decision-making authority as regards the comprehensive planning and coordination of higher education in the State; or for the Legislature by statute or the Governor by Executive Order to act to delegate to an individual or group of individuals the powers and responsibilities of Article XIII-A of the Constitution of Oklahoma vested in the Oklahoma State Regents for Higher Education? Concerning your first question, Article XIIIA, Section 1 of the Oklahoma Constitution in defining "the Oklahoma State System of Higher Education" reads as follows: "All institutions of higher education supported wholly or in part by direct legislative appropriation shall be integral parts of a unified system to be known as 'The Oklahoma State System of Higher Education'." As used therein, the term "institution of higher education" appears to be clear and unambiguous, and therefore, should be given its ordinary and plain meaning. Wimberly v. Deacon, 144 P.2d 447 (1944). Where the words or terms used in a constitutional provision convey a definite meaning, involving no absurdity or contradiction of other provisions, the meaning apparent on the face of the provision must be accepted, and neither the court nor the Legislature has the right to add to or to take from such meaning. Cox v. Dillingham, 184 P.2d 976, (1947) and McCurtain County Excise Board v. St. Louis-San Francisco Ry. Co., 30 P.2d 213 (1959). According to Webster's Third New International Dictionary (1963) at page 1068, the term "higher education" means education beyond the secondary level, education provided by a college or university, and the term "higher institution" means an educational institution of collegiate or more advanced grade. The ordinary and plain meaning of the term "institution of higher education" would, therefore, be an institution of collegiate or more advanced grade offering education beyond the secondary level. An institution of collegiate grade would be one having the attributes of a college. In State v. Erickson, 244 P. 287 (Mont. 1936), it was held that a college was an institution of learning, consisting of trustees, teachers, and scholars, making up the membership of the institution, engaged in imparting knowledge to students and possessing the right to confer degrees. Article XIIIA, Section 1 of the Oklahoma Constitution goes on to qualify the specific term "institute of higher education" by the phrase " supported wholly or in part by direct legislative appropriation." Nowhere in Article XIII-A is any reference made to the general term "postsecondary". In its ordinary meaning, the specific term "institution of higher education", qualified by the phrase " supported wholly or in part by direct legislative appropriation", is not synonymous with the general term "postsecondary". According to Webster's Third New International Dictionary (1963) at page 1771, the prefix "post" means after or later, and at page 2051 "secondary", in reference to schools, means more advanced in grade than an elementary school. The term "postsecondary" would, therefore, ordinarily mean anything after or later than secondary school. These two terms are different in scope in that, "postsecondary" would include any education after secondary school whether or not it is of collegiate or more advanced grade. In addition, it is clear from a reading of Article XIII-A of the Oklahoma Constitution that it is a self-executing provision, and therefore, cannot be abridged, extended or otherwise altered by legislation, Williams v. City of Norman, 205 P. 144 (1922) and Kiowa County Excise Board v. St. Louis-San Francisco Ry. Co., 301 P.2d 677 (1956). It would, therefore, follow that the term "institution of higher education" as used and intended by Article XIII-A of the Oklahoma Constitution would mean and extend to institutions of collegiate or more advanced grade offering education beyond the secondary level, supported wholly or in part by direct legislative appropriation, not withstanding any past or present statutory provision to the contrary purporting to otherwise define such term. In answer to your second question, area vocational and technical school districts are authorized under Article X, Section 9(B) of the Oklahoma Constitution, are supported from tax levies and bond issues, and empowered as independent school districts to operate area vocational and technical schools subject to the authority of the State Board of Vocational and Technical Education to prescribe standards and criteria for their establishment, until otherwise provided by law. It is clear that the framers of this provision did not intend for area vocational and technical schools operated by area school districts to operate as "institutions of higher education supported wholly or in part by direct legislative appropriation", within the meaning of Section 1 of Article XIII-A of the Oklahoma Constitution, defining the Oklahoma State System of Higher Education. Had the intent been otherwise, the framers of Section 9B of Article X would have provided for operational support of area vocational and technical schools from direct legislative appropriation instead of tax levies and bond issues, and would not have provided for separate establishment, supervision and control of such school districts other than is provided for institutions of higher education under Article XIII-A of the Oklahoma Constitution. In addition, Article X, Section 9B does not contemplate the granting of degrees, but such is expressly authorized in Article XIIIA, Section 2 . Each of these constitutional provisions can be given effect from the plain meaning of its language, and it is presumed that the framers did not intend for either provision to be meaningless or have no effect. Oklahoma Natural Gas Co. v. State ex rel. Vassar, 101 P.2d 793
(1940); and Knapp v. State ex rel. Commissioners of the Land Office, 243 P.2d 660 (1952). In Sherrill v. Board of Trustees of South Oklahoma City Junior College, 515 P.2d 1383 (1973), it was held that South Oklahoma City Area School District was a separate and distinct entity from South Oklahoma City Junior College, even though the governing board of the junior college was also the governing board of the area school district. The court in so holding appears to recognize that the legal nature of the area school district is entirely different from that of the junior college. It would follow that a separate legal and administrative structure exists for area vocational and technical schools and districts, than exists for institutions of higher education supported wholly or in part by direct legislative appropriation. Since the answer to Question No. 2 is in the negative, your third question is not reached by this opinion. Concerning your fourth question, up to this point, this opinion has dealt with what is or is not an institution of higher education under Article XIII-A of the Oklahoma Constitution which, of course, is controlled by the purpose, intent and objective of that provision of the Oklahoma Constitution. On the other hand, what is or is not an institution of higher education under federal law, relating to aid to education, is controlled by the purpose, intent and objective of that federal law. The purpose, intent and objective of Article XIII-A of the Oklahoma Constitution clearly appears to be the establishment of a state system of higher education composed of institutions of collegiate or more advanced grade, supported by direct legislative appropriation, and to provide for a statewide governing board over such system. The obvious purpose, intent and objective of federal law relating to aid to education is to extend assistance and aid to education in the several states. Section 1201, Title 12 of Public Law 89-329, as last amended by Public Law 92-318, codified at20 U.S.C.A. 1141, defines the term "institution of higher education", generally, for purposes of Chapter 28 of Title 20 U.S.C. as follows: "As used in this chapter — "(a) The term 'institution of higher education' means an educational institution in any State which (1) admits as regular students only persons having a certificate of graduation from a school providing secondary education, or the recognized equivalent of such a certificate, (2) is legally authorized within such State to provide a program of education beyond secondary education, (3) provide an educational program for which it awards a bachelor's degree or provides not less than a two-year program which is acceptable for full credit toward such a degree, (4) is a public or other nonprofit institution, and (5) is accredited by a nationally recognized accrediting agency or association or, if not so accredited, (A) is an institution with respect to which the Commissioner has determined that there is satisfactory assurance, considering the resources available to the institution, the period of time, if any, during which it has operated, the effort it is making to meet accreditation standards, and the purpose for which this determination is being made, that the institution will meet the accreditation standards of such an agency or association within a reasonable time, or (B) is an institution whose credits are accepted, on transfer, by not less than three institutions which are so accredited, for credit on the same basis as if transferred from an institution so accredited. Such term also includes any school which provides not less than a one-year program of training to prepare students for gainful employment in a recognized occupation and which meets the provisions of clauses (1), (2), (4), and (5). For purposes of this subsection, the Commissioner shall publish a list of nationally recognized accrediting agencies or associations which he determines to be reliable authority as to the quality of training offered. ****" It is clear from a reading of the above definition of "institution of higher education" that it is used in a different sense than it is used in ArticleXIII-A of the Oklahoma Constitution. The above definition would appear to include more than just institutions of collegiate or more advanced grade supported wholly or in part by direct legislative appropriation. In looking at clause (2) of the above definition, subsection (d) of Section 1141 must also be considered in ascertaining what it meant by "a program of education beyond secondary education." Subsection (d) of Section 1141 reads as follows: "The term 'secondary school' means a school which provides secondary education as determined under State law except that it does not include any education provided beyond grade 12." The question, therefore, under clause (2) of the federal definition of "institution of higher education", is whether or not area vocational and technical schools are authorized under Oklahoma law to provide a program of education beyond grade twelve. This question is answered in part by Attorney General's Opinion No. 68-379, issued December 19, 1968, stating that an area school district is a separate and distinct entity from school districts offering secondary educational programs. In addition, Section 9B of Article X of the Oklahoma Constitution places no limitation upon area vocational and technical schools as to secondary or postsecondary programs. Senate Joint Resolution 35 of the 1973 Legislative Session, codified as 70 O.S. 2251 [70-2251] through 70 O.S. 2272 [70-2272] (1974), dealing with the responsibilities of the State Board of Vocational and Technical Education and the Oklahoma State Regents for Higher Education, purports, however, to equate the specific term "higher education", as used in Article XIIIA of the Oklahoma Constitution, with the general term "postsecondary education", and in Section 70 O.S. 2252 [70-2252] provides as follows: "The term 'higher education' as used in Article XIII-A of the Constitution of Oklahoma and the vitalizing statutes or the term 'postsecondary' shall mean all education of any kind beyond the twelfth grade in which students pursue study and for which the credit earned may apply towards meeting the requirements for a degree, diploma, or other postsecondary academic or collegiate award, and shall also include bona fide postsecondary adult and continuing education, extension and public service education, and organized research as may be authorized by the State Regents as a part of the functions and courses of study of a member institution in the Oklahoma State System of Higher Education." The above provision appears to define the term "postsecondary" to apply only to collegiate or more advanced grade courses taken for college credit, postsecondary adult and continuing education, extension and public service education and organized research at a member institution of the state system. As pointed out in the answer to Question No. 1, the general term "postsecondary" in its ordinary sense, would include more than the above, and it is doubtful that this synonymous treatment of the terms "higher education" and "postsecondary" would have legal effect, especially in determining what is meant by a postsecondary program under federal law. According to Sutherland Statutory Construction, Vol. 1A, 27.01 (4th Ed. 1972), at page 309: "When a statute defines a word to mean something wholly different from what it means in conventional usage as well as where the meaning of a definition cannot be rendered certain by the use of normal techniques of interpretation, its constitutionality may be subject to question on grounds of being void for vagueness." Also in Vol. 2A, 47.07 and 47.28, at pages 81 and 142, Sutherland states in part as follows: "As to all such definitions (referring to legislative definitions), there is no question of the binding effect of a legislatively enacted declaration of the meaning that a term shall have in the same or subsequent legislative acts, so long as the prescribed meaning is not so discordant to common usage as to generate confusion." "It has even been said to be unconstitutional for a legislature to give words in a statute other than their common meanings." (Citing Central Television Service, Inc v. Isaacs, 189 N.E.2d 333 (1963).) Further, in determining what is meant by "a program of education beyond secondary education", as used in clause (2) of subsection (a) of 20 U.S.C.A. 1141, the provisions of 70 O.S. 2252 [70-2252] (1974) could not constitutionally be applied under the federal supremacy clause, Article VI, Clause 2, United States Constitution, in any manner which would result in considering any education beyond the twelfth grade as being secondary in conflict with the express language of subsection (d) of 20 U.S.C. § 1141, which specifically excludes any education beyond the twelfth grade from the definition of the term "secondary school", contained in that subsection. In addition, it should be noted that 70 O.S. 4423 [70-4423] (1974), enacted at the same session of the Legislature as 70 O.S. 2252 [70-2252] (1974), but subsequently amended in 1974, providing for certain junior colleges to become members of the State System of Higher Education, speaks of postsecondary area school district programs and reads in part as follows: "Any college so becoming a member of the state system which was at the time of the proclamation operating a technical area school district program to carry out the function of postsecondary technical education of the people of the district shall continue to do so as then operated and in accordance with O.S. 1971, Title 70, Section 4410 (70 O.S. 4410 [70-4410]), and all property acquired by virtue of the technical area school district operation shall remain as property of the technical area school district and maintained in the custody of the Board of Regents of the junior college acting as the governing board of the technical area school district for use by the postsecondary area school district program." Under the above statutory provision, it is clear that the Legislature recognizes that certain vocational and technical area school districts are carrying on a postsecondary function. In view of the foregoing, area vocational and technical schools are legally authorized within the State of Oklahoma to provide programs of education beyond secondary education, within the meaning of clause (2) of subsection (a) of 20 U.S.C.A. 1141, and are public institutions of the State within the meaning of clause (4) of such federal statute. As to the other requirements of the definition of "institution of higher education" contained in subsection (a) of20 U.S.C.A. 1141, no one answer would be generally applicable to all area vocational and technical schools and an individual fact determination in the case of a particular area vocational and technical school would have to be made by the United States Commissioner of Education. If, in fact, the Commissioner determines that a particular area vocational and technical school does admit as regular students only persons having a certificate of graduation from a secondary school or the recognized equivalent, provides at least a one-year program of training to prepare students for gainful employment in recognized occupations and otherwise meets the accreditation requirements of clause (5) of subsection (a) of20 U.S.C.A. 1141, such school would come within the meaning of the term "institution of higher education" as used in that section of federal law for purposes of Chapter 28 of 20 U.S.C. This does not, however, mean that area vocational and technical schools are "institutions of higher education" within the meaning of Article XIIIA of the Oklahoma Constitution, since as pointed out above that provision has an entirely different purpose, intent and objective than the federal law herein discussed, and for the reasons set forth in answer to your second question, such schools are not "institutions of higher education" within the meaning of Article XIII-A. In answer to your fifth question, 70 O.S. 14-103 [70-14-103] (1971) provides in part as follows: "The State Board of Vocational and Technical Education shall have the following powers and duties: * * * * "2. Have the supervision of the vocational and technical schools and colleges of Oklahoma, except Oklahoma State University of Technical Training at Okmulgee and the Oklahoma State University Technical Institutes at Oklahoma City and Stillwater, which, however, shall be eligible to participate in federal programs administered by the State Board of Vocational and Technical Education as hereinafter provided. * * * * "4. Provide for the formulation and adoption of curricula, courses of study, and other instructional aids necessary for the adequate instruction of students in the vocational and technical schools and colleges of this state. * * * * "6. Enter into such agreements and contracts with the State Board of Education, boards of trustees of community junior colleges, boards of education of independent and dependent school districts, boards of education of area school districts for vocational and/or technical schools, private educational or training institutions, public or private industry, and boards of directors of community action programs, as may be necessary or feasible for the furtherance of vocational and technical training within this State. "7. Cooperate and enter into agreements with the Oklahoma State Regents for Higher Education." In addition, 70 O.S. 14-108 [70-14-108] (1971) relating to area vocational-technical districts, provides in part as follows: "The State Board of Vocational and Technical Education shall prescribe criteria and procedures for establishing area vocational technical school districts and the government thereof, as provided by Section 9B, Article X, Oklahoma Constitution, and such districts so established shall be operated in accordance with rules and regulations of the State Board of Vocational and Technical Education, except as hereinafter otherwise provided. ****" Although the previously cited provision of Section 14-103 refers to the State Board of Vocational and Technical Education as having supervision of "vocational and technical schools and colleges", such provision cannot constitutionally be interpreted as applying to any institution of higher education supported by direct legislative appropriation, within the meaning of Section1, Article XIII-A of the Oklahoma Constitution as comprising the Oklahoma State System of Higher Education. As pointed out previously, however, vocational and technical programs are conducted at the general postsecondary level. The language of the above-cited statutory provisions appears to be sufficiently broad so as to include the authority to "determine the quality or certify as to the standards of education of vocational and technical education programs, and based on these statutory provisions and the previous answers in this opinion, it would follow that the State Board of Vocational and Technical Education has been granted such authority with respect to vocational and technical education programs offered at vocational and technical schools and colleges of the State of Oklahoma, except where such programs are offered at those insinuations of higher education supported by direct legislative appropriation within the meaning of Article XIII-A of the Oklahoma Constitution. The determining factor here is not at what educational level the programs are offered, but rather at what institutions the programs are offered. The Oklahoma State Regents for Higher Education have exclusive authority by virtue of Article XIII-A over the quality of education and to certify as to the standards of educational programs offered at institutions of higher education referred to in Section 1 of that Article of the Constitution, without limitation as to the type of programs offered at such institution. In answer to your sixth question, as pointed out previously, Article XIII-A of the Oklahoma Constitution has application only to institutions of higher education, supported by direct legislative appropriation. Consequently, as to institutions of higher education supported by direct legislative appropriation, the Oklahoma State Regents for Higher Education do constitute the coordinating board of control and have the exclusive authority and powers enumerated in Items (1) through (5) of Section 2 of Article XIII-A. These powers do not, however, extend to any other institutions than those referred to in Section 1 of Article XIII-A. As pointed out in answer to the previous question, the determining factor under Article XIII-A is not educational level, per se, but rather the type of institution. It would, therefore, follow that Article XIII-A of the Oklahoma Constitution does not authorize the Oklahoma State Regents for Higher Education to act as coordinating board of control for all postsecondary education or to do comprehensive planning for the development of all postsecondary education, but with regard to institutions of higher education supported by direct legislative appropriation, within the meaning of Section 1 of Article XIII-A, the Regents are the coordinating board of control and do have the specific powers enumerated in Items (1) through (5) of Section 2 of Article XIII-A. Since the answer to the sixth question is in the negative, your seventh question is not reached by this opinion. It is, therefore, the opinion of the Attorney General that your questions be answered as follows: 1. The term "institutions of higher education" as used and intended in its ordinary sense by Article XIII-A of the Oklahoma Constitution, means "institutions of collegiate or more advanced grade offering education beyond the secondary level, supported wholly or in part by direct legislative appropriation," and such term is not subject to legislative construction or interpretation. 2. Area vocational and technical schools operated by area school districts are not intended to operate as "institutions of higher education supported wholly or in part by direct legislative appropriation", within the meaning of Article XIII-A of the Constitution. 3. Since the answer to Question 2 is in the negative, the third question is not reached by this opinion. 4. Area vocational and technical schools of Oklahoma are authorized under the Constitution and the statutes of the State to meet the requirements of clauses (2) and (4) of subsection (a) of 20 U.S.C.A. 1141, but whether the remaining requirements of 20 U.S.C. § 1141
(a) are met would depend upon a separate factual determination by the United States Commissioner of Education, relating to a particular area vocational and technical school. 5. The State Board of Vocational and Technical Education has been granted authority by 70 O.S. 14-103 [70-14-103] and 70 O.S. 14-108 [70-14-108] (1971) to determine the quality or certify as to the standards of education of vocational and technical educational programs offered at vocational and technical schools and colleges, other than "institutions of higher education supported wholly or in part by direct legislative appropriation" within the meaning of Article XIII-A of the Oklahoma Constitution. 6. The Oklahoma State Regents for Higher Education are not authorized by Article XIII-A of the Oklahoma Constitution to act as the coordinating board of control for all postsecondary education, generally, within the State of Oklahoma, or to do comprehensive planning for the development of all postsecondary education. 7. Since the answer to Question 6 is in the negative, the seventh question is not reached by this opinion. (Gerald E. Weis)