The Honorable William L. "Bill" Walker, Jr. State Representative P.O. Box 1609 Little Rock, AR 72203
Dear Representative Walker:
This is in response to your request for an opinion on whether it is lawful and/or constitutional for a regulatory agency, public institution, or public body to declare that for certain purposes beer and domestic wine can be classified as food.
In my opinion, the answer to your question if "yes".
Although there appears to be at least some difference of opinion,[1], it is ordinarily held that where a specific definition is given a term in a legislative format, that definition will control even though it does not coincide with the ordinary meaning of the term. Packard Motor Co. v. National Labor Relations Board,330 U.S. 485 (1946); Consumer's Union of United States, Inc. v. Heimann, 589 F.2d 531 (D.C. Cir. 1978); Louisiana Chemical Ass'n v. Bingham, 496 F. Supp. 1188 (D.C. La. 1980).
This principal has been embraced by the Arkansas Supreme Court as evidenced by the following language from Bird v. Pan Western Corp., 261 Ark. 56, 546 S.W.2d 417 (1977):
 The ordinary and generally accepted meaning of words used in a statute must yield to the meaning intended by the General Assembly when it is clear from the context of the act that a different meaning is intended. City of Fort Smith v. Hairston, 196 Ark. 1005, 120 S.W.2d 689. Thus, in construing an act, the courts are bound by specific definitions of a word by the legislature in that act, regardless of the usual and ordinary meaning of that word; unless the definition is arbitrary, creates obvious incongruities in the statute, defeats a major purpose of the legislation or is so discordant to common usage as to generate confusion. 1A Sutherland, Statutory construction (4th Ed.) pp. 59, 310, 81; 20.09, 27.02, 47.07.
261 Ark. at 60.
It is my opinion that the inclusion of beer and domestic wine under the definition of "food" is not arbitrary or so discordant to common usage as to create a confusion.[2] It may be contended that beer and domestic wine are subsumed in the definition of "food" which Webster's defines as: "a material consisting essentially of protein, carbohydrate, and fat used in the body of an organism to sustain growth, repair, and vital processes and to furnish energy." Webster's Seventh New Collegiate Dictionary (1972 at p. 324).
It is my opinion, under the principles set out above, that a court will give great deference to a legislative definition, and will not declare it invalid except in extreme cases.
It is my opinion that this is not one of those cases.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
[1] See e.g., Central Television Service, Inc. v. Isaacs, 27 Ill.2d 420, 189 N.E.2d 333 (1963).
[2] Resolution of the two remaining qualifications (i.e. whether the definition creates obvious incongruities in the statute or defeats a major purpose of the legislation) must be determined in light of the particular legislative scheme in which the definition appears.